556 A.2d 977

Patricia Pleins DeMarco, Administratrix of the Estate of Gerald A. Pleins, Jr., Deceased *v.* Borough of East McKeesport, Borough of Wilmerding, County of Allegheny an 977d Department of Transportation et al. Borough of East McKeesport, Appellant.
Patricia Pleins DeMarco, Administratrix of the Estate of Gerald A. Pleins, Jr., Deceased *v.* Borough of East McKeesport et al. County of Allegheny, Appellant.

Argued October 4, 1988, before Judges BARRY and SMITH, and Senior Judge KALISH, sitting as a panel of three.

14

*Charles H. Alpern, Kiger & Alpern,* for appellant, Borough of East McKeesport.

*Donald J. McCormick, Wayman, Irvin & McCauley,* for appellant, County of Allegheny.

*Gary M. Lang, Feldstein, Grinberg, Stein & McKee,* for appellee.

OPINION BY JUDGE SMITH, April 7, 1989:

This matter arises from appeals[1] taken by the Borough of East McKeesport and Allegheny County[2] (Appellants) from the March 11, 1988 decision of the

---

[1] This Court *sua sponte* consolidated the appeals at Nos. 807 and 989 C.D. 1988 by order dated May 24, 1988.

[2] Review of the record and docket entries discloses that Allegheny County neither filed a brief nor formally adopted or joined the

Allegheny County Court of Common Pleas striking judgments entered in favor of Appellants pursuant to the trial court's prior sanctions order. Issues presented for review are whether the trial court lacked jurisdiction to reform its May 9, 1986 order dismissing with prejudice the complaint of Patricia Pleins DeMarco (Appellee); and whether the trial court erred in finding that it lacked authority to sanction Appellee's failure to comply with the trial court's discovery order by dismissing Appellee's complaint as to all defendants upon motion of only one defendant. The trial court's decision is affirmed.

Appellee instituted the instant action against Appellants as well as the Borough of Wilmerding (Wilmerding) and the Pennsylvania Department of Transportation (DOT) as a result of fatal injuries allegedly sustained by Appellee's husband in an automobile accident.[3] Wilmerding subsequently served interrogatories and medical authorizations upon Appellee, whose failure to respond to either discovery request spawned Wilmerding's motion to compel discovery. On December 20, 1985, the trial court entered an order directing Appellee to file verified answers to Wilmerding's interrogatories and to execute and return medical authorizations submitted by Wilmerding within twenty days. Upon Appellee's further failure to comply with the trial court's December 20, 1985 discovery order, Wilmerding filed a motion for sanctions pursuant to Pa. R.C.P. No. 4019 which permits the trial court to order appropriate sanctions for failure of a party to answer interrogatories or otherwise obey a discovery order. The following order was entered pursuant to Wilmerding's motion:

---

brief submitted on behalf of the Borough of East McKeesport. Accordingly, this Court will only address points raised in the Borough's brief.

[3] Neither Wilmerding nor DOT are parties to this appeal.

> AND NOW, to-wit, this 9 [sic] day of May, 1986,
> upon consideration of the foregoing Motion for
> Sanctions, it is hereby ORDERED that Plain-
> tiff 's Complaint be dismissed with prejudice for
> failure to comply with the December 20, 1985
> Order of Court compelling discovery.

The prothonotary thereafter entered judgments in favor of the Borough of East McKeesport on May 27, 1986 and County of Allegheny on September 25, 1986 pursuant to praecipes filed by Appellants. Judgments were also entered by the prothonotary in favor of Wilmerding on May 15, 1986 and DOT on May 28, 1986. Nothing of record indicates that Appellants formally adopted or joined Wilmerding's motions.

Appellee, on or about November 11, 1987, served all parties with a petition for rule to show cause why judgments should not be stricken and/or opened, contending that the judgments entered in favor of Appellants and DOT were invalid on the face of the record. The trial court held that the prothonotary could not enter judgment in favor of Appellants pursuant to an order which did not provide for entry of judgment in their behalf, and moreover, that the court lacked authority to impose sanctions against Appellee in favor of any party who did not seek discovery. Therefore, Appellants and DOT were not entitled to the relief obtained by Wilmerding, the moving party. Accordingly, the judgments entered in favor of Appellants and DOT were stricken by the trial court by order dated March 11, 1988. Hence, Appellants' appeal to this Court.

Appellants initially contend that the trial court erred in accepting jurisdiction over Appellee's petition to strike and/or open the judgments entered in their favor and to reform its May 9, 1986 order. Further, Appellants assert that judgments imposed as a discovery sanction pursuant

to Pa. R.C.P. No. 4019, as here, are not generally subject to collateral attack by a petition to strike and/or open judgment. Rather, such judgments become final absent fraud or extraordinary cause[4] if not appealed within thirty days as prescribed by Pa. R.A.P. 903 or if the trial court does not expressly grant reconsideration within thirty days from entry of judgment. *Luckenbaugh v. Shearer*, 362 Pa. Superior Ct. 9, 523 A.2d 399 (1987), *appeal denied*, 518 Pa. 626, 541 A.2d 1138 (1988); *Simpson v. Allstate Insurance Co.*, 350 Pa. Superior Ct. 239, 504 A.2d 335 (1986); *Livolsi v. Crosby*, 344 Pa. Superior Ct. 34, 495 A.2d 1384 (1985). *See also* Section 5505 of the Judicial Code, 42 Pa. C. S. §5505. Courts, however, have inherent power to correct their own judgments, even after expiration of the appeal period, and this power extends to the correction of obvious or patent mistakes, including those of a court officer, and to the amendment of court records. *See, e.g., Fish v. Gosnell*, 316 Pa. Superior Ct. 565, 463 A.2d 1042 (1983); *Great American Credit Corp. v. Thomas Mini-Markets, Inc.*, 230 Pa. Superior Ct. 210, 326 A.2d 517 (1974).

Review of the record demonstrates that Appellee was aware of the entry of the trial court's May 9, 1986 order as well as the judgments in favor of Appellants. The trial court, relying upon *Hershey v. Segro*, 252 Pa. Superior Ct. 240, 381 A.2d 478 (1977), nonetheless struck the subject judgments on the basis that they were void *ab*

---

[4] Only grave and compelling circumstances provide "extraordinary cause" to justify court intervention after expiration of the appeal period. Such circumstances have customarily entailed an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period. *Luckenbaugh v. Shearer*, 362 Pa. Superior Ct. 9, 523 A.2d 399 (1987), *appeal denied*, 518 Pa. 626, 541 A.2d 1138 (1988); *Simpson v. Allstate Insurance Co.*, 350 Pa. Superior Ct. 239, 504 A.2d 335 (1986).

*initio.* The trial court reasoned that the prothonotary improvidently entered judgments in favor of Appellants since the May 9, 1986 order did not specifically provide for entries of judgments in their favor. In *Hershey*, the appellants argued that it was unnecessary for them to serve upon the appellee a rule to file his complaint in accordance with Pa. R.C.P. No. 1037(a) to obtain a judgment of non pros since two other parties to the action had already done so. The Superior Court, however, determined that Pa. R.C.P. No. 1037(a) required the appellants to also serve this rule upon the appellee to vest the prothonotary with authority to enter a judgment of non pros in their favor. The appellants were therefore not entitled to the relief accorded the two parties who ruled the appellee to file his complaint.

Appellants argue that the trial court's reliance upon *Hershey* is misplaced since the decision therein was based upon a procedure unauthorized by the rules of court, unlike the case at bar where no procedural rules have been violated. To the contrary, nothing in Pa. R.C.P. No. 4019 intimates that a court may impose sanctions in favor of non-moving parties. Rather, a motion must be presented to the court. *See Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa. Superior Ct. 245, 407 A.2d 1338 (1979). Moreover, Pa. R.C.P. No. 4019(a)(1) directs the court to exercise its discretion in fashioning an appropriate order upon consideration of the motion for sanctions before it. Accordingly, the trial court's authority did not extend to concerns or matters extraneous to Wilmerding's motion for sanctions, including the effect of Appellee's noncompliance with the trial court's December discovery order upon Appellants who neither filed motions nor formally adopted or joined Wilmerding's motions. Consequently, the prothonotary acted without authority and contrary to Pa. R.C.P. No. 4019 in entering

judgments in favor of Appellants. The subject judgments were therefore void *ab initio*.[5]

The fact that Appellee filed a petition to strike and/or open judgment thus did not deprive the trial court of jurisdiction under the circumstances present here. The entries of judgments at issue not only constitute sufficiently grave and compelling circumstances so as to provide extraordinary cause warranting court intervention after expiration of the appeal period but also constitute patent error resulting from the prothonotary's failure to follow the trial court's May 9, 1986 order in its entirety. Accordingly, the trial court possessed jurisdiction over the instant proceedings and did not err in determining the limited scope of its authority pursuant to Pa. R.C.P. No. 4019 nor in striking the judgments improvidently entered in favor of Appellants.

The decision of the trial court is therefore affirmed.

## ORDER

AND NOW, this 7th day of April, 1989, the decision of the Court of Common Pleas of Allegheny County is affirmed.

---

[5] *Matyas v. Albert Einstein Medical Center*, 225 Pa. Superior Ct. 230, 310 A.2d 301 (1973), relied upon by Appellants to support their contention that nothing in the trial court's May 9, 1986 order limited dismissal of Appellee's complaint to Wilmerding, does not alter this Court's analysis. *Matyas* addressed in part the scope of a trial court order which contained a warning that a judgment of non pros would be entered against the plaintiff upon failure to comply with the additional defendant's discovery request. The Superior Court found that the order also supported entry of a judgment of non pros in favor of the original defendant since the case itself was being terminated. Regardless, *Matyas*, unlike the case at bar, involved review of a trial court's denial of a petition to open a judgment of non pros. Moreover, the praecipe filed by the additional defendant in *Matyas* served a similar function as the May 9, 1986 trial court order here but was apparently worded so as to include both the additional and original defendants unlike the instant order.