578 A.2d 89

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Kathleen DUNCAN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 1990.

Decided July 25, 1990.

William A. Kuhar, Jr., Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Ronald P. Koerner, Gatz, Cohen, Segal & Koerner, Pittsburgh, for appellee.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County which vacated its prior order dismissing a license suspension appeal of Kathleen Duncan and ordered that her driver's privileges be reinstated.

In this unusual case, Ms. Duncan was issued a citation for failing to stop for a school bus with flashing red lights in violation of Section 3345(a) of the Vehicle Code, 75 Pa.C.S. § 3345(a). DOT was notified by a district justice that she had pled guilty to the citation. DOT then notified Ms. Duncan that her license was being suspended for sixty days in accordance with 75 Pa.C.S. § 1535. Ms. Duncan then filed a civil appeal of the license suspension.

On November 18, 1986, prior to the hearing on the civil license suspension appeal, the district justice who notified DOT of Ms. Duncan's plea of guilty discharged the citation for lack of prosecution. The civil license suspension appeal was then heard by the trial court on December 18, 1986. Ms. Duncan did not appear at the hearing, evidently believing that the matter had been concluded when the district justice discharged the citation. The trial court dismissed Ms. Duncan's appeal and affirmed the departmental suspension. No appeal was taken from that order.

There matters stood until the middle of 1988 when the district justice involved sent two letters which indicated that the citation had been discharged. In December of 1988, the trial court which heard the original license suspension appeal issued a new order which vacated its prior order dismissing Ms. Duncan's appeal and ordered that her driving privileges be reinstated. DOT then filed the present appeal to us.

Both parties recognize the potential jurisdictional problem with the trial court's action in vacating an unappealed from final order two years after its issuance. We have stated that such final orders can be opened if "extraordinary cause" exists to justify such action. *DeMarco v. Borough*

*of East McKeesport,* 125 Pa. Commonwealth Ct. 13, 17, n. 4, 556 A.2d 977, 979, n. 4 (1989). The parties obviously disagree on the question of whether "extraordinary cause" exists. For the following reasons, we are unable to decide this question and a remand is necessary.

We must admit to a certain deal of consternation in reviewing this matter. The record in this case is simply inadequate for this Court to exercise effective appellate review. While DOT has included a photocopy of the original citation in this matter, the back of that citation is illegible and reveals nothing. Furthermore, there is no explanation as to how the district justice first notified DOT that Ms. Duncan had allegedly entered a plea of guilty yet six months later dismissed the case for lack of prosecution. We next wonder how it is that DOT never actually enforced the suspension following the trial court's 1986 order dismissing Ms. Duncan's original appeal. Finally, after the trial court issued its order in 1986 dismissing the original appeal, there is no indication how the matter was properly before him when he issued a new order in the case two years after the original order.

Rather than engaging in conjecture on all of these important questions, we must remand the matter so that a proper record of the entire case can be assembled before we can review the matter. After a complete record has been made, the trial court shall then take whatever action it deems appropriate.

Vacated and remanded.

ORDER

NOW, July 25, 1990, the order of the Court of Common Pleas of Allegheny County, dated December 20, 1988, at No. SA 1299 of 1986, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.