601 A.2d 456

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Kathleen DUNCAN, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 9, 1991.

Decided Dec. 20, 1991.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, for appellant.

Ronald P. Koerner, for appellee.

Before COLINS and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Allegheny County sustaining Kathleen Duncan's appeal of her operating privilege suspension.

The facts are not in dispute. In April 1986, Duncan was issued a citation charging her with violating section 3345(a) of the Vehicle Code, 75 Pa.C.S. § 3345(a).[1] Duncan paid her

---

1. 75 Pa.C.S. § 3345(a) provides:
 DUTY OF APPROACHING DRIVER WHEN RED SIGNALS ARE FLASHING.—Except as provided in subsection (g), the driver of a vehicle meeting or overtaking any school bus stopped on the highway shall stop at least 10 feet before reaching the school bus when the red signal lights on the school bus are flashing. The driver shall

fine, and the district justice certified her conviction to DOT (35a–36a). In July 1986, DOT notified Duncan that her license was to be suspended for sixty days. Duncan appealed the suspension, and common pleas scheduled a hearing for December 18, 1986 (1a). Before the scheduled hearing date on Duncan's appeal from the suspension, the district justice scheduled a hearing on the underlying charge that Duncan had violated 75 Pa.C.S. § 3345(a). The district justice scheduled the hearing because Duncan had failed to sign the guilty plea on the back of the citation when she paid the fine. The Commonwealth failed to appear at the hearing, and on November 18, 1986, the district justice dismissed the citation for lack of prosecution (49a, 68a). Subsequently, DOT notified Duncan that her license had been reinstated. Relying on DOT's notification that her license had been reinstated, Duncan did not appear for the hearing on her initial license suspension appeal (8a). By order dated December 18, 1986, common pleas dismissed Duncan's appeal.

In July 1988, Duncan received a second notice from DOT stating that because common pleas dismissed her appeal from the original notice of suspension, the sixty-day suspension of her operating privilege was being reinstated (12a). Once again, Duncan appealed DOT's notice of suspension.

On December 20, 1988, common pleas vacated its December 18, 1986 order dismissing Duncan's appeal, because the district justice had discharged Duncan's citation. DOT appealed, and we remanded the case for further proceedings.[2]

not proceed until the red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety.

2. In *Department of Transportation v. Duncan,* 134 Pa.Commonwealth Ct. 214, 578 A.2d 89 (1990) (*Duncan I*), we stated:

We must admit to a certain deal of consternation in reviewing the matter. The record in this case is simply inadequate for this court to exercise effective appellate review. While DOT has included a photocopy of the original citation in this matter, the back of that citation is illegible and reveals nothing. Furthermore, there is no explanation as to how the district justice first notified DOT that Ms.

On remand, common pleas again sustained Duncan's appeal, holding that the district justice had subject matter jurisdiction to dismiss the charges against Duncan and, therefore, DOT improperly suspended Duncan's license. DOT now appeals to this court,[3] arguing: (1) the district justice lacked subject matter jurisdiction to dismiss Duncan's citation more than 30 days after certification of her conviction; and (2) common pleas lacked subject matter jurisdiction to vacate its December 18, 1986 order dismissing Duncan's appeal.

## Jurisdiction of District Justice

There is no dispute that on April 16, 1986, Duncan paid the fine imposed for violating 75 Pa.C.S. § 3345.[4] DOT asserts that once the district justice entered Duncan's guilty plea and certified her conviction, the district justice did not have the authority to discharge the citation more than 30 days after entering the order. Duncan counters that DOT

> Duncan had allegedly entered a plea of guilty yet six months later dismissed the case for lack of prosecution. We next wonder how it is that DOT never actually enforced the suspension following the trial court's 1986 order dismissing Ms. Duncan's original appeal.... Rather than engaging in conjecture on all of these important questions, we must remand the matter so that a proper record of the entire case can be assembled before we can review the matter. After a complete record has been made, the trial court shall then take whatever action it deems appropriate.
>
> *Id.,* 134 Pa.Commonwealth Ct. at 217, 578 A.2d at 90.

3. Our scope of review on appeal is limited to determining whether necessary findings are supported by substantial evidence, an error of law was committed or whether common pleas abused its discretion. *Department of Transportation v. Emery,* 135 Pa.Commonwealth Ct. 274, 580 A.2d 909 (1990).

4. Duncan appears to argue that because she failed to sign the guilty plea on the back of the citation, she did not plead guilty to the offense. However, section 6501(b) of the Vehicle Code, 75 Pa.C.S. § 6501(b), provides that:

> PAYMENT OF A FINE AS A GUILTY PLEA.—A payment by any person charged with a violation of this title of the fine prescribed for the violation is a plea of guilty.

By paying the fine, Duncan pleaded guilty to violating section 3345, whether or not she signed the back of the citation.

cannot suspend her license when the underlying criminal conviction has been vacated.

 However, the only way a certified conviction can be challenged is by filing an appeal to the court of common pleas within 30 days of the conviction. Pa.R.Crim.P. 86; *Tarnopolski v. Department of Transportation*, 138 Pa.Commonwealth Ct. 698, 589 A.2d 287 (1991). "Such an appeal is the *exclusive means* of challenging a summary conviction." *Tarnopolski*, 138 Pa.Commonwealth Ct. at 703, 589 A.2d at 290 (quoting *Commonwealth v. Bassion*, 390 Pa.Superior Ct. 564, 567, 568 A.2d 1316, 1318 (1990) (emphasis in original)). Duncan failed to appeal the summary conviction. Because the district justice lacked jurisdiction to alter the April 16, 1986 conviction after 30 days had elapsed, the order discharging the citation was a nullity. *Tarnopolski*. We hold that common pleas erred as a matter of law in concluding that the district justice had jurisdiction over the original citation in November 1986. Although the order of the district justice dismissing Duncan's citation is void for lack of jurisdiction, there remains the issue of whether common pleas had jurisdiction to vacate its 1986 order dismissing Duncan's appeal more than two years after its entry.

*Jurisdiction of The Court of Common Pleas in 1988*

 Duncan properly appealed her initial notice of suspension to common pleas in 1986; however, because the underlying criminal conviction had been discharged, she did not appear before common pleas for her scheduled hearing on her license suspension.

DOT presented evidence of Duncan's conviction, and evidence that it correctly followed statutory procedures. In a license suspension appeal, the only issues before common pleas are whether the licensee was in fact convicted, and whether DOT acted in accordance with applicable law. *Zietlen v. Department of Transportation*, 106 Pa.Commonwealth Ct. 170, 525 A.2d 876 (1987). Without any evidence from Duncan, common pleas dismissed her appeal on December 18, 1986.

On December 20, 1988, more than two years after entering its 1986 order, common pleas vacated the 1986 order and sustained Duncan's license suspension appeal. DOT argues that common pleas lacked subject matter jurisdiction to vacate its order because more than 30 days had passed after its entry. We agree.

Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505 provides:

> Except as otherwise provided by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

In *Municipal Council of the Municipality of Monroeville v. Kluko,* 102 Pa.Commonwealth Ct. 49, 517 A.2d 223 (1986), we addressed the question of whether a court may modify or rescind its order more than 30 days after its entry:

> It is thus apparent that [the party] could have taken action to appeal [the order] ... within 30 days of its entry, but [it] did not. The trial court on its own motion, could have modified or rescinded the ... order within 30 days of its entry, but it did not. We have no difficulty, therefore, in concluding that the trial court lacked authority to rescind the ... order and enter a new order four months later. We believe, moreover, that this issue is jurisdictional and a matter which cannot be waived by the parties. *Calabrese v. Collier Township Municipal Authority,* 430 Pa. 289, 240 A.2d 544 (1968). In *Commonwealth v. Lynch,* 304 Pa.Superior Ct. 248, 450 A.2d 664 (1982), the Court held that a trial court lacked jurisdiction to modify a sentence after the expiration of the 30–day restriction imposed by Section 5505. It categorized the attempted modification as a "nullity."

*Id.,* 102 Pa.Commonwealth Ct. at 53, 517 A.2d at 225.

■ Once the 30 day limitation has expired, a court may vacate, amend or modify its order only if extraordinary cause exists. *DeMarco v. Borough of East McKeesport,*

125 Pa.Commonwealth Ct. 13, 556 A.2d 977 (1989). In *DeMarco,* we stated:

> Only grave and compelling circumstances provide "extraordinary cause" to justify court intervention after expiration of the appeal period. Such circumstances have customarily entailed an oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period.

*Id.,* 125 Pa.Commonwealth Ct. at 17 n. 4, 556 A.2d at 979 n. 4.

Duncan asserts that DOT's reinstatement of her license constituted "extraordinary cause" justifying the 1988 order. However, our review of the record finds no oversight or act by common pleas nor failure of the judicial process which operated to deny Duncan knowledge of the 1986 order, as required by *DeMarco.* In fact, the 1986 order expressly shows that notice was sent, and Duncan does not dispute this point (8a). We hold as a matter of law that common pleas did not have "extraordinary cause" to vacate its order after the 30–day period had expired.

### Reasonableness of Delay

Common pleas properly may consider in a suspension appeal the reasonableness of DOT's delay in enforcing the suspension. *Rea v. Department of Transportation,* 132 Pa.Commonwealth Ct. 145, 572 A.2d 236 (1990). After receiving certification of Duncan's conviction in 1986, DOT issued Duncan a notice of suspension. DOT reinstated Duncan's license while the appeal was pending. However, DOT did not reinstate Duncan's suspension until 1988, more than two years after common pleas dismissed her appeal.

DOT argues that its delay in imposing Duncan's 60–day license suspension was not unreasonable. "The common pleas court may reverse a suspension where the licensee shows that an unreasonable delay *chargeable to DOT* caused him to believe his privileges would not be impaired *and* to change his circumstances to his detriment." *Department of Transportation v. Maguire,* 114 Pa.Common-

wealth Ct. 581, 582, 539 A.2d 484, 485 (1988) (emphasis in original).

Reasonableness of the delay depends on the circumstances of the particular case. *Rea v. Department of Transportation*, 132 Pa.Commonwealth Ct. 145, 572 A.2d 236 (1990). A licensee may prove prejudice only where she has *changed position* in reliance on DOT's inaction, thereby suffering prejudice from such reliance, when DOT finally sought to enforce the suspension. *Id.*

Common pleas found that Duncan "relied on the notice of reinstatement to accept an assistant manager position at Chick–Fil–A and to commit herself to driving her mother around when [her mother] places children for adoption." (86a).

Duncan argues that she will suffer prejudice as a result of DOT's delay in suspending her license. Specifically, Duncan argues that she could lose her job because she relies on her car in order to drive to and from work. Duncan also contends that had she known that her license was to be suspended, she would not have accepted a promotion.

However, we have held that mere economic hardship is insufficient to prove that a licensee has suffered prejudice as a result of DOT's delay. *Ridge AMC/Jeep/Renault, Inc. v. Commonwealth*, 103 Pa.Commonwealth Ct. 174, 520 A.2d 515 (1987), *petition for allowance of appeal denied*, 515 Pa. 602, 528 A.2d 958 (1987). The loss of a job promotion because of a licensee's inability to drive is also insufficient prejudice. *Rea.* Duncan's assertion that suspension of her license would cause her to lose her job is insufficient where driving is not a part of her job duties, but merely necessary to reach her place of employment. *Chappell v. Commonwealth*, 59 Pa.Commonwealth Ct. 504, 430 A.2d 377 (1981). We hold that DOT's delay has not prejudiced Duncan.

Because neither Duncan nor common pleas took action within the 30–day time limit for modification of the 1986

order, we vacate the 1988 order and reinstate both the December 18, 1986 order and the suspension of Duncan's operating privilege.

COLINS, J., dissents.

## ORDER

We vacate the December 20, 1988 order of the Court of Common Pleas of Allegheny County and reinstate both its order dated December 18, 1986 and the suspension of appellee's operating privilege.