**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**6969 FOREST AVENUE.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 1998.

Decided May 20, 1998.

Jonathan M. Levy, Philadelphia, for appellant.

Elliot M. Cohen, Philadelphia, for appellee.

Before DOYLE and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

The Commonwealth of Pennsylvania appeals from an order of the Court of Common Pleas of Philadelphia County which stayed a sale of the property forfeited to the Commonwealth to allow its seventy-two year old owner, who had been convicted of the drug-related criminal charges underlying the forfeiture, to continue to reside at the property. The issue on appeal is whether the trial court has authority in a forfeiture proceeding to devise an equitable remedy, which is not provided by Sections 6801 and 6802 of the Judicial Code, 42 Pa.C.S. §§ 6801 and 6802, commonly known as the Controlled Substance Forfeiture Act (Forfeiture Act).

The relevant facts found by the trial court are as follows. Rosemary McNeill (McNeill) owned the premises located at 6969 Forest Avenue in the City of Philadelphia. On February 9, 1995, McNeill and two other individuals were arrested after the Philadelphia police searched McNeill's house and found twenty-seven grams of cocaine base and cocaine paraphernalia. Following her arrest, McNeill was charged with possession with intent to deliver controlled substances and criminal conspiracy. On April 10, 1995, the Commonwealth filed a petition to forfeit McNeill's property pursuant to 42 Pa.C.S. § 6801(a)(6)(i)(C), which mandates forfeiture of a property used or intended to be used to facilitate violations of The Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act).[1]

Subsequently on December 7, 1995, McNeill pled nolo contendere to the February 9, 1995 charges and was sentenced to the time served (two days) to twenty-three months, plus non-reporting probation. Based on McNeill's conviction of the underlying charges, the Commonwealth on February 26, 1996 filed a motion for partial summary judgment on the petition to forfeit. The Commonwealth alleged that under the facts accepted by the trial court at the time of McNeill's plea, there were no material issues of fact regarding the use of her property to facilitate the violations of the Controlled Substance Act.

On March 22, 1996, the date of the scheduled argument on the motion for partial summary judgment, McNeill's counsel appeared before the trial court and requested a continuance to prepare an answer to the motion and consider a possibility of withdrawing McNeill's plea of nolo contendere. The trial court granted the request and continued the argument until May 23, 1996. On May 23, 1996, neither McNeill nor her counsel appeared for argument. Nor had McNeill filed an answer to the motion for partial summary judgment. Thereupon, the trial court granted the Commonwealth's motion and forfeited McNeill's property to the Commonwealth.

On September 11, 1996, the Commonwealth notified McNeill's counsel that it would seek to seize McNeill's property by

---

1. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–101—780–144.

the end of September 1996. McNeill then filed a "Motion to Vacate Forfeiture Judgment" through her new counsel, alleging that she had very limited education and did not understand the forfeiture proceeding, that the forfeiture judgment was entered due to her former counsel's failure to respond to the motion for partial summary judgment, and that there were material issues of fact as to the Commonwealth's allegations in the petition to forfeit. In response, the Commonwealth filed a petition to quash McNeill's motion, alleging that the trial court did not have jurisdiction to reconsider its previous orders after expiration of the thirty-day appeal period.

At a hearing held before the trial court, McNeill's former counsel testified as follows. He was retained by McNeill in 1995 to represent her in the forfeiture proceeding. He later learned from McNeill's counsel, who represented her in the criminal proceeding, that McNeill pled nolo contendere on December 7, 1995, and that McNeill had also been convicted of the drug-related charges in 1991 in North Carolina. In light of her prior 1991 conviction and the possibility of a more severe sentence upon conviction of the 1995 charges following a trial, McNeill's counsel concluded that it would not be in McNeill's best interest to withdraw the plea of nolo contendere and challenge the forfeiture petition. He thereafter discussed the Commonwealth's motion for partial summary judgment with McNeill and informed her that he would not file an answer to the motion. McNeill admitted at the hearing that she was incarcerated for one year following her 1991 conviction of the drug-related charges in North Carolina, and that as a result, her property in North Carolina was forfeited to the United States government.

The trial court accepted the testimony of McNeill's former counsel as credible and concluded that McNeill failed to establish extraordinary circumstances or a reasonable excuse to justify her failure to respond to the motion for partial summary judgment. The trial court accordingly denied McNeill's motion to vacate the forfeiture judgment entered on May 23, 1996. The trial court further ordered, however, that a sale of the forfeited property be stayed for five years, unless (1) the Commonwealth proves a further use of the forfeited property for illegal drug activities, or (2) McNeill dies or moves out of the property. The trial court stated:

> [T]he Commonwealth argues that the trial court erred when it permitted a convicted drug dealer to continue to reside at the property located at 6969 Forest Avenue. However, this compassionate Court, in allowing [McNeill] to continue to reside at 6969 Forest Avenue for an additional five years (unless she dies first or the property was used to facilitate illegal activity) was seeking an equitable remedy to a situation which occurs much too often in our society, homelessness of senior citizens. As stated above, [McNeill] is a seventy-year-old woman suffering from severe medical disabilities and vision impairments whose life expectancy is short. The Court was unable to determine how justice best could be served by displacing an elderly woman from her home without affording her the opportunity to either live her final days in her home or find new accommodations.

Trial Court Opinion, pp. 11–12. The Commonwealth appealed the trial court's decision to stay the sale of the forfeited property.

■ The Commonwealth contends that under the Forfeiture Act, the trial court lacked equitable powers to stay the sale of the forfeited property, and that by staying the sale of the property and allowing McNeill to remain on the property, the trial court improperly imposed an obligation upon the Commonwealth to act as a landlord for a convicted drug dealer.[2]

---

**2.** The Commonwealth also argues that the trial court erred in holding hearings on the motion to vacate the forfeiture judgment filed after 30 days of the entry of its order forfeiting the property. However, McNeill in the motion sought to open the default forfeiture judgment. Therefore, a hearing was necessary to determine whether McNeill established an extraordinary cause required to open a judgment. *Department of Transportation, Bureau of Driver Licensing v. Duncan*, 144 Pa.Cmwlth. 261, 601 A.2d 456 (1991). After the hearing, the trial court found that McNeill failed to establish an extraordinary cause for opening the judgment and refused to

The Forfeiture Act provides that a real property used or intended to be used to facilitate any violations of the Controlled Substance Act "shall be subject to forfeiture to the Commonwealth and no property right shall exist in [such real property]." 42 Pa. C.S. § 6801(a)(6)(i)(C).[3] Where, as here, the trial court ultimately orders forfeiture of the property pursuant to the Forfeiture Act, the subsequent custody and disposition of the forfeited property is governed by 42 Pa.C.S. § 6801(e), which provides:

**(e) Use of property held in custody.—** *Whenever property is forfeited under this chapter,* the property shall be transferred to the custody of the district attorney, if the law enforcement authority seizing the property has local or county jurisdiction, or the Attorney General, if the law enforcement authority seizing the property has Statewide jurisdiction. *The district attorney or the Attorney General,* where appropriate, may:

(1) Retain the property for official use.

(2) Sell any forfeited property which is not required to be destroyed by law and which is not harmful to the public, but the proceeds from any such sale shall be used to pay all proper expenses of the proceedings for forfeiture and sale, including expenses of seizure, maintenance of custody, advertising and court costs. The balance of the proceeds shall be dealt with in accordance with subsections (f) and (g). (Emphasis added.)

Despite the unambiguous language in 42 Pa.C.S. § 6801(e) granting the district attorney and the Attorney General the authority to retain or sell the forfeited property in their discretion, the trial court relied on the preceding subsection (d), 42 Pa.C.S. § 6801(d), to support its decision to stay the sale of the forfeited property. Section 6801(d) provides:

**(d) Custody of property.—**Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the law enforcement authority *subject only to the orders and decrees of the court of common pleas having jurisdiction over the forfeiture proceedings and of the district attorney or the Attorney General.* When property is seized under this chapter, the law enforcement authority shall place the property under seal and either:

(1) remove the property to a place designated by it; or

(2) require that the district attorney or Attorney General take custody of the property and remove it to an appropriate location for disposition in accordance with law. (Emphasis added.)

After reviewing Section 6801 in its entirety, we conclude that the trial court misconstrued Section 6801(d) as applicable to the property already forfeited to the Commonwealth.

■ It is well established that provisions of a statute must be interpreted with reference to the context, in which they appear. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989). Section 6801(b) and (c) authorizes the law enforcement authority to seize the property subject to forfeiture after commencement of a forfeiture proceeding, upon process issued by the trial court or without such process under certain circumstances. Section 6801(d) then provides that the property thus taken or detained will be in the custody of the law enforcement authority, subject to the orders and decrees of the trial court and of the district attorney or the Attorney General.[4]

■ Thus, when the subsection (d) is viewed in the context in which it appears, it is apparent that that subsection is intended

---

vacate the May 23, 1996 forfeiture order. Therefore, the only relevant issue on appeal is whether the trial court erred in staying the sale of the forfeited property based on the equitable grounds.

**3.** A forfeiture proceeding is an action in rem, in which the Commonwealth is the plaintiff, and the subject property the defendant. 42 Pa.C.S.

§ 6802(a); *In re One 1988 Toyota Corolla,* 675 A.2d 1290 (Pa.Cmwlth.1996).

**4.** When it filed the petition to forfeit on April 10, 1995, the Commonwealth also filed an application to seize and seal the property pursuant to 42 Pa.C.S. § 6801(d), alleging that drug activities were continuing on the property. The trial court denied the Commonwealth's application.

to apply to the property taken and detained pending the forfeiture proceeding and that once the trial court orders forfeiture, the forfeited property is subject to the following subsection (e), under which only the district attorney or the Attorney General, not the trial court, has the authority to determine the appropriate disposition of the forfeited property in its discretion. Hence, Section 6801(d) does not support the trial court's exercise of equitable powers in this matter.

The only remedy available under the Forfeiture Act is set forth in 42 Pa.C.S. § 6802(j) and (k), under which the claimant may establish that the property was unlawfully used or possessed by others without his or her knowledge or consent. *See generally Commonwealth v. 502–504 Gordon Street*, 147 Pa.Cmwlth. 330, 607 A.2d 839 (1992), *aff'd*, 535 Pa. 515, 636 A.2d 626 (1994). In this matter, McNeill failed to pursue the remedy available under the Forfeiture Act. The trial court found that after his discussion with McNeill, her former counsel decided not to withdraw her plea or challenge the Commonwealth's attempt to forfeit her property to avoid a more severe sentence.

 Where, as here, the parties' rights are regulated and fixed by a comprehensive statutory scheme, the maxim, "equity follows the law," is applicable. *First Federal Savings & Loan Ass'n v. Swift*, 457 Pa. 206, 321 A.2d 895 (1974). Consequently, the court does not have authority to grant equitable relief to the party who has failed to pursue a mandatory and exclusive statutory remedy provided by the legislature. *Calabrese v. Collier Township Municipal Authority*, 430 Pa. 289, 240 A.2d 544 (1968); *Aquarian Church of Universal Service v. County of York*, 90 Pa.Cmwlth. 290, 494 A.2d 891 (1985). A court simply "cannot devise a remedy which is inconsistent with existing legislation." *Armstrong School District v. Armstrong Education Ass'n*, 5 Pa.Cmwlth. 387, 291 A.2d 125, 128 (1972).

To support its conclusion that the court has equitable power to grant appropriate remedies in a forfeiture proceeding, the trial court also relied on *Commonwealth v. One 1958 Oldsmobile Sedan*, 194 Pa.Super. 352, 168 A.2d 776 (1961), which involved the forfeiture application under Section 603 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 6–603. Section 603 of the Liquor Code provided in relevant part that "if it appears that any vehicle, boat, vessel, container, animal or aircraft was so used in the illegal manufacture, or transportation of liquor, alcohol or malt or brewed beverage, such property may, *in the discretion of the court*, be adjudged forfeited and condemned . . . ." (Emphasis added.)

In interpreting Section 603 of the Liquor Code, the Superior Court held that "the legislature intended to vest in the court of quarter sessions discretion to deal with each vehicle forfeiture application as the equities of the situation may indicate." *Id.* 168 A.2d at 778–79. Unlike Section 603 of the Liquor Code explicitly granting the court's discretion, however, the Forfeiture Act mandates the courts to forfeit the property used or intended to be used to facilitate the violations of the Controlled Substance Act. 42 Pa.C.S. § 6801(a)(6)(I)(C).

 Further, it is well established that in Pennsylvania, the legislature has not conferred upon the courts a universal, or even a general, equity jurisdiction. *Armstrong School District*. "There is no common law equity jurisdiction in Pennsylvania; a court may exercise only those equitable powers which have been specifically conferred by the legislature." *Commonwealth v. Ryan*, 459 Pa. 148, 155, 327 A.2d 351, 354 (1974). *See also* Section 1504 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1504, which provides that "[i]n all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, . . . ."

In *In re King Properties*, 145 Pa.Cmwlth. 139, 602 A.2d 486 (1992), *aff'd*, 535 Pa. 321, 635 A.2d 128 (1993), this Court considered the issue of whether the trial court had equitable powers to grant the owner the right to redeem the property which had been forfeited to the Commonwealth pursuant to 42 Pa. C.S. § 6801(a)(6)(i)(C). In holding that the trial court lacked such equitable powers, the Court stated:

We have, in the forfeiture provisions before us, such comprehensive scheme of legislation fixing the rights and remedies of the parties. A trial court's exercise of equitable powers is simply improper where the legislature has provided a mandatory and exclusive statutory remedy, as it has here.... [T]he trial court erred in fashioning an equitable remedy specifically omitted by the legislature.

*Id.* 602 A.2d at 492 (footnote and citations omitted).

As in *King Properties,* the trial court in this matter lacked the authority to devise an equitable remedy, which is not provided by the legislature under the comprehensive statutory scheme. Where, as here, the comprehensive statutory scheme does not grant a court to devise equitable relief beyond the remedies provided therein, equity has "no jurisdiction to inquire into a controversy where to do so would obviate a statutory procedure provided by the Legislature for its resolution." *Calabrese,* 430 Pa. at 295, 240 A.2d at 547 (quoting *Commonwealth v. Glen Alden Corp.,* 418 Pa. 57, 59, 210 A.2d 256, 258 (1965)).

Accordingly, the order of the trial court dated November 25, 1996 is vacated to the extent that it stayed the sale of the forfeited property.

### ORDER

AND NOW, this 20th day of May, 1998, the order of the Court of Common Pleas of Philadelphia County, dated November 25, 1996, is hereby vacated to the extent that it stayed the sale of the forfeited property.