In Re: **CONSOLIDATED RETURN OF REAL ESTATE TAX SALE CONDUCTED ON NOVEMBER 10, 2011 BY the TAX CLAIM BUREAU OF the COUNTY OF LUZERNE UNDER PROVISIONS OF the ACT OF JULY 7, 1947, P.L. 1368 SECTION 607**

**Appeal of: Mid–Atlantic Acquisitions, Inc.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 11, 2013.

Decided July 9, 2013.

Publication Ordered Sept. 12, 2013.

Richard C. Frank, Jim Thorpe, for appellant.

Samuel A. Falcone, Jr., Wilkes–Barre, for appellee Luzerne County Tax Claim Bureau.

Charles R. Pedri, Hazleton, for appellees Rosemarie Brennan and Daniel McDevitt.

BEFORE: McGINLEY, Judge, McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge McGINLEY.

Mid–Atlantic Acquisitions, Inc. (Mid–Atlantic/Appellant)[1] appeals from the order of the Court of Common Pleas of Luzerne County (common pleas court) that set aside the tax sale of property (Property) situated in the Township of Foster, Luzerne County owned by Brennan and Daniel McDevitt (McDevitt)[2] (collectively, Appellees).

On February 21, 2012, Appellees petitioned for reconsideration of the common pleas court's order dated February 8, 2012, which denied their objections/exceptions[3] and alleged:

1. Mid–Atlantic purchased the Property owned by Rosemary Brennan (Brennan) at a tax sale conducted by the Luzerne County Tax Claim Bureau (Tax Claim Bureau) on November 10, 2011.

2. McDevitt and Brennan are involved in the ownership of the Property which is subject to ongoing litigation between them and which is not an issue in the present appeal.

3. On December 1, 2011, Appellees filed Objections and Exceptions to Confirmation of November 10, 2011, Upset Sale for CRNR Mountain Ter, Foster Township, Sale No. 11–0711 and alleged:

5. Record title to the Property is held by Petitioner, Rosemarie Brennan, in a deed dated January 2, 2007 and recorded in Luzerne County Deed Book 3007, Page 329351....
6. *Upon information and belief, on or about November 10, 2011, the Property was sold at Upset Sale for delinquent taxes.* (emphasis added).
7. Upon information and belief, the purchaser was Mid–Atlantic Acquisitions....

1. The letter from Charles R. Pedri, Esquire dated November 9, 2011 to Sam Falcone, Esquire, representing Northeast Revenue (Tax Claim Bureau), clearly states that the Brennan property would be removed from the tax sale....

2. There was no opposition to this correspondence, nor any testimony contrary to this correspondence from the ... Tax Claim Bureau ... or any other party to this litigation.

3. Sam Falcone, Esquire, nor anyone from the ... Tax Claim Bureau ... contacted Charles R. Pedri, Esquire to state that the property would not be removed from the tax sale on November 9.2011 or November 10, 2011.

4. Based on the aforementioned correspondence, ... [Appellees] by and through their counsel, detrimentally relied on the action of the Tax Claim Bureau to remove this property from the tax sale as per the agreement as set forth in the November 9, 2011 correspondence.

Petition for Reconsideration, February 21, 2012, Paragraphs 1–4 at 1; Reproduced Record (R.R.) at 2a.

On March 13, 2012, Mid–Atlantic responded:

1. Denied, the letter attached to the Petition for Reconsideration allegedly confirming a conversation to remove the Foster Township property from the Tax Sale is from Charles R. Pedri, Esquire to Sam Falcone, Esquire makes *no mention of the terms of any agreement and is not determinative of the issue of*

....

15. The Petitioners are in a position to pay all delinquent taxes for which the. Property was sold to the Bureau.

....

17. *This Petition should be considered as a formal objection to the Upset Sale of the Property....* (emphasis added).

Objections and Exceptions to Confirmation of November 10, 2011 Upset Sale for CRNR Mountain Ter, Foster Township, Sale No. 11–0711, December 1, 2011, Paragraphs 5–10, 12, 15, and 17 at 2–3.

On February 8, 2012, the common pleas court entered the following dated order:

1. *Mid–Atlantic Acquisitions, Inc. Petition to Intervene in the above-captioned matter is hereby Granted.* (emphasis added).

2. *The Petition to Set Aside the Upset Sale of the premises ... is hereby Denied* as *Petitioner has set forth no jurisdictional or statutory authority for the Court to an allegedly mistaken identity of a parcel in a tax sale made by the alleged owner of the property.* (emphasis added).

Common Pleas Court Order, February 8, 2012, at 1.

Appellees did not appeal the common pleas court order dated February 8, 2012.

---

8. *The Upset Sale was in violation* of Section [601 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. § ] 5860.601 ... *because counsel for Petitioner, Daniel F. McDevitt, entered into an agreement with counsel for Respondent [Tax Claim Bureau] prior to the sale that Respondent would remove the Property belonging to Petitioner, Rosemarie Brennan, from the November 10, 2011 sale....* (emphasis added).

9. *On or about November 7, 2011, counsel for Petitioner, Daniel F. McDevitt, filed a Petition to Remove Properties from Tax Sale as the delinquency is due to an issue of ownership which is the subject of litigation between the Petitioners.* The Petition was granted by the Court.... (emphasis added).

10. *However, counsel for Petitioner, Daniel F. McDevitt, inadvertently listed the incorrect PIN for the Property in the Petition,* Respondent provided the sale number for a different property, *and the incorrect property was removed from the November 10, 2011 sale* despite the request to remove the [P]roperty belonging to Petitioner, Rosemarie Brennan. (emphasis added).

....

12. Petitioner, Daniel F. McDevitt, states in his Petition to Remove Properties from Tax Sale that, upon establishment of ownership in the underlying litigation, all real estate taxes would be paid....

*whether the property should or should not have been removed from the sale.* (emphasis added).

2. Denied, the Luzerne County Tax Claim Bureau will not remove a property from the Tax Sale without a Court Order, further, there is nothing in the letter to suggest that the Tax Claim Bureau agreed to remove the property.

3. ... [T]here is nothing to confirm that the letter was received by Sam Falcone before the November 10, 2011 Tax Sale.

4. ... [B]y way of further answer the letter speaks for itself and does not contain an agreement to remove the property from the Tax Sale.

WHEREFORE, *it is respectfully requested that this Honorable Court deny the Petition to Reconsider its Order of February 8, 2012 and dismiss the same with prejudice and confirm the tax sale accordingly.* (emphasis added).

Response to Petition for Reconsideration, March 13, 2012, Paragraphs 1–4 and Wherefore Clause at 1–2; R.R. at 8a–9a.

On March 28, 2012, the common pleas court granted Appellees' request for reconsideration and concluded:

Although the Order granting Reconsideration was approximately forty-eight (48) days after the original [T]rial Court Order, *the Court believes that the Respondent/Intervenor [Mid–Atlantic] waived the time limit in question. Not only did Mid–Atlantic fail to respond to the briefing request from the Court, it further failed to file a Motion to [D]is-* miss *the Reconsideration request prior to the Order of March 28, 2012 granting reconsideration* but also failed to file a Notice of Appeal to the original Order of February 8, 2012.[4] The first and only action by the Respondent/Intervenor (Appellants) [Mid–Atlantic] in response to the Court Order of February 8, 2012 and attendant filings was to the April 3, 2012 Order setting aside the tax sale. This Order was almost sixty (60) days after the original order of the Court and the Appeal was not filed by Mid–Atlantic until April 30, 2012, almost ninety (90) days after the original Court Order in this case. (emphasis added).

Under these circumstances the Court finds a waiver of the thirty (30) day Rules for Reconsideration.

Opinion of the Common Pleas Court, October 4, 2012.[5]

In the dated order of April 3, 2012, the common pleas court ordered that "the tax sale in the above captioned matter dated November 10, 2011 as to the 'Brennan Property' in Foster Township ... Sale No. 11–0711, is hereby SET ASIDE...." Order of the Common Pleas Court, April 3, 2012, at 1.

On appeal, Mid–Atlantic contends[6] that the common pleas court no longer retained jurisdiction to modify or vacate its February 8, 2012, order that denied Appellees' objections/exceptions to the November 10, 2011, tax sale. Specifically, Mid–Atlantic states that Appellees failed to appeal the common pleas court's February 8, 2012, order but elected in-

---

4. It should be noted that Mid–Atlantic was the prevailing party in regards to the common pleas court's February 8, 2012, order and no appeal was necessary since Mid–Atlantic was not an aggrieved party.

5. The common pleas court filed its opinion pursuant to Pa.R.A.P. 1925(a).

6. This Court's review in tax sale cases is whether the common pleas court abused its discretion, erred as a matter of law or rendered a decision that was unsupported by substantial evidence. *In re Serfass,* 651 A.2d 677 (Pa.Cmwlth.1994).

stead to file a petition for reconsideration which was granted by the common pleas court on March 28, 2012. As a result, Mid–Atlantic asserts that because the March 28, 2012, and April 3, 2012, orders were beyond the thirty-day appeal period under 42 Pa.C.S. § 5505, the common pleas court was precluded from setting aside the November 10, 2011, tax sale.

42 Pa.C.S. § 5505 (Modification of orders) provides that "[e]xcept as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order *within 30 days* after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." (emphasis added).

In *Fleetwood Area School District v. Berks County Board of Assessment Appeals*, 821 A.2d 1268, 1275 (Pa.Cmwlth. 2003), this Court reviewed 42 Pa.C.S. § 5505 and stated:

> *Thus a court loses jurisdiction to change an order once it becomes final. City of Philadelphia Police Department v. Civil Service Commission of City of Philadelphia*, 702 A.2d 878, 880 (Pa. Cmwlth.1997). *Absent a specific rule or statute, the only exception is to correct obvious technical mistakes, such as wrong dates and no substantive changes can be made. Id.* (emphasis added).

Further, 42 Pa.C.S. § 5504 (Judicial extension of time) provides:

**(a) General Rule**–Except as provided in Section 1722(c) (relating to time limitations) or in subsection (b) of this Section, time limited by this chapter shall not be extended by order, rule or otherwise.

**(b) Fraud**–The time limited by this chapter may be extended to relieve fraud or its equivalent, but there shall be no extension of time as a matter of indulgence or with respect to any criminal proceedings.

In *Aivazoglou v. Drever Furnaces*, 418 Pa.Super. 111, 613 A.2d 595, 598 (1992), our Pennsylvania Superior Court reviewed 42 Pa.C.S. § 5504 and stated that "we are reminded that, *absent fraud or its equivalent, judicial extensions of time are expressly prohibited by Section 5504 of the Judicial Code.*" (emphasis added).

■ In the present controversy neither Mid–Atlantic nor Appellees alleged fraud or the equivalency of fraud before the common pleas court.[7] Without such an allegation, the burden to overcome the thirty-day time statute imposed by 42 Pa. C.S. § 5505 is a strict one. In *Department of Transportation v. Duncan*, 144 Pa. Cmwlth. 261, 601 A.2d 456, 459 (1991), this Court explained:

> *Once the 30 day limitation has expired, a court may vacate, amend or modify its order only if extraordinary causes exists. DeMarco v. Borough of East McKeesport*, 125 Pa.Commonwealth Ct. [Pa.Cmwlth.] 13, 556 A.2d 977 (1989).

In DeMarco, we stated:

Only grave and compelling circumstances provide "extraordinary cause" to justify court intervention after expiration of the appeal period. Such circumstances have customarily entailed an

---

**7.** Appellees respond that it was proper for the common pleas court to grant reconsideration because there was an agreement between Appellees' counsel and the Tax Bureau to remove the Property from the tax sale list. However, the common pleas court did not grant reconsideration based upon this factual allegation. The common pleas court granted reconsideration based upon its belief that Mid–Atlantic failed to respond to the petition for reconsideration. In any event, neither theory would constitute fraud or the equivalent of a fraud.

oversight or act by the court, or failure of the judicial process, which operates to deny the losing party knowledge of entry of final judgment and commencement of the running of the appeal period. *Id.* at 17 n. 4, 556 A.2d at 979 n. 4.

██ Here, the common pleas court granted Appellees' petition for reconsideration more than thirty days after its February 8, 2012, order[8] based upon the common pleas court's mistaken belief that Mid–Atlantic failed to file a "response/answer and brief" in opposition to Appellees' Petition for Reconsideration. A review of the record indicates that Mid–Atlantic filed a Response to Petition for Reconsideration on February 21, 2012, and a brief in opposition to the Petition for Reconsideration on March 13, 2012. *See* R.R. at 5a–9a and Supplemental Record at 1b–5b. Even assuming *arguendo* that Mid–Atlantic failed to respond to Appellees' petition for reconsideration, this judicial reasoning does not equate to either fraud or the equivalency to extend the thirty-day time limit. Based upon case law "when a trial court seeks to modify or rescind any previous order, the trial court must do so 'within 30 days after its entry ... if no appeal from such order has been taken or allowed....'" *Nernberg and Associates v. Coyne,* 920 A.2d 967, 970 n. 7 (Pa.Cmwlth.2007). "This 30–day limitation is jurisdictional and cannot be waived by the parties." *Id.* at 970 n. 7.

Accordingly, this Court must vacate the common pleas court's orders of March 28, 2012, and April 3, 2012, and reinstate its February 8, 2012, order.

### ORDER

AND NOW, this 9th day of July, 2013, the March 28, 2012, and April 3, 2012, orders of the Court of Common Pleas of Luzerne County in the above-captioned matter are vacated, and its February 8, 2012, order that denied Rosemarie Brennan's and Daniel McDevitt's exceptions and objections to the judicial tax sale is reinstated.

---

**8.** The common pleas court acknowledged that its March 28, 2012, order that granted reconsideration was "approximately forty-eight (48) days after the original trial Court Order" and that the April 3, 2012, "Order was almost sixty (60) days after the original order of the Court...." Opinion of the Common Pleas Court, at 2–3.