**Jeanne SMITH, Appellant**

v.

**PHILADELPHIA GAS WORKS and Commonwealth of Pennsylvania, Department of Transportation and James J. Anderson Construction Company and Bell Atlantic Pa., Inc. and City of Philadelphia and Walter Rowe, Inc. and Seravalli Company.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1999.

Decided Nov. 15, 1999.

Jordon R. Pitock, Philadelphia, for appellant.

Leon W. Tucker, Philadelphia, for appellee, Phila. Gas Works.

Anthony J. Bilotti, Philadelphia, for appellee, Dept. of Transp.

Linell Lukesh, Philadelphia, for appellee, Bell Atlantic PA.

Before COLINS, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Jeanne Smith (Plaintiff) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) granting nonsuit against Plaintiff and in favor of six defendants as a result of a motion for discovery sanctions filed by one defendant. Plaintiff contends that the trial court erred in dismissing her case as to the five defendants who were not parties to the motion. We agree and, therefore, reverse.

On November 15, 1996, Plaintiff filed suit against seven defendants, alleging that her car hit a manhole cover, causing her to lose control of her car and to suffer injuries. The case went to arbitration, which resulted in a decision against Plaintiff and in favor of all seven defendants. Plaintiff appealed the arbitrators' decision to the trial court, which granted summary judgment in favor of one of the seven defendants.[1] The six remaining defendants were: Philadelphia Gas Works (PGW); Commonwealth of Pennsylvania, Department of Transportation (PennDOT); James T. Anderson Construction; Bell Atlantic PA, Inc.; City of Philadelphia; and Walter Rowe, Inc. (Rowe) (collectively, Defendants).

---

1. As a result, Defendant Seravalli Company was dismissed, and Plaintiff did not appeal that order.

On September 3, 1997, Defendant Rowe served a Request for Production of Documents and Things on Plaintiff.[2] Plaintiff did not respond to Defendant Rowe's discovery request; thus, on October 20, 1997, Defendant Rowe filed a motion to compel Plaintiff to respond. Plaintiff did not contest that motion, and on November 4, 1997, the trial court entered an order directing Plaintiff to respond to Defendant Rowe's discovery request within twenty days. On December 22, 1997, after Plaintiff still failed to respond to the discovery request, Rowe filed a motion for sanctions. On January 9, 1998, the trial court entered an order, agreed to by Plaintiff, giving Plaintiff forty-five days to respond to Rowe's discovery request and indicating that, if Plaintiff failed to comply, she "may be prohibited from introducing any type of evidence, including evidence of physical [sic]".[3] When Plaintiff still failed to respond, Rowe filed yet another motion for sanctions on February 24, 1998 which Plaintiff did not contest. Nothing in the record indicates that any of the five other defendants formally adopted or joined Rowe's motions. As a result of Rowe's motion, the trial court issued an order dated March 6, 1998, stating that Plaintiff "is prohibited from introducing any type of evidence, including evidence of physical condition, at time of trial."[4] That order also fixed the trial date for April 20, 1998.

When the case was called for trial, the trial court, as a result of its March 6, 1998 order barring Plaintiff from presenting any evidence at trial, dismissed Plaintiff's case against all six remaining defendants. Thereafter, Plaintiff filed a "Motion for Removal of Non–Suit and for a New Trial." The trial court denied Plaintiff's motion, and Plaintiff now appeals from that denial.

On appeal, Plaintiff concedes that the trial court correctly dismissed her case against Defendant Rowe as a result of the sanction for Plaintiff's noncompliance with the trial court's order directing her to respond to Rowe's discovery request. Plaintiff argues, however, that the trial court erred by dismissing her case against the five other Defendants[5] who were not parties to Rowe's motion to compel or its motions for sanctions. We agree.

■ Initially, we note that the decision whether to sanction a party for a discovery violation and the severity of that sanction are matters vested in the sound discretion of the trial court. We will not reverse a trial court's order imposing a discovery sanction unless the trial court abused its discretion. *Croydon Plastics Co. v. Lower Bucks Cooling & Heating*, 698 A.2d 625 (Pa.Super.1997), *appeal denied*, 553 Pa. 689, 717 A.2d 1028 (1998). An abuse of discretion includes "not only errors of judgment but also the overriding or misapplication of the law." *Racunas v. Ringgold School District*, 70 Pa.Cmwlth. 221, 452 A.2d 917, 919 n. 7 (1982). Here, because the trial court's order dismissing Plaintiff's case against the five non-moving Defendants as a result of a discovery sanc-

---

**2.** Plaintiff's brief mistakenly refers to the discovery request as interrogatories.

**3.** The sentence was incomplete, apparently due to a clerical error on the part of the attorney who drafted the order.

**4.** The trial court also ordered Plaintiff to pay a counsel fee of $150 and costs of $90 to Rowe for the preparation and filing of the two motions for sanctions and the motion to compel. Plaintiff has not challenged that portion of the order.

We note that nothing in the record indicates whether, prior to entering its order pro-

hibiting Plaintiff from introducing any evidence at trial, the trial court reviewed Rowe's discovery request to determine "the importance of the precluded evidence in light of [Plaintiff's] failure to comply." *See Croydon Plastics Co. v. Lower Bucks Cooling & Heating*, 698 A.2d 625, 629 (Pa.Super.1997), *appeal denied*, 553 Pa. 689, 717 A.2d 1028 (1998). Rowe did not attach a copy of the discovery request to its motions, and the record does not contain a copy of Rowe's discovery request.

**5.** Those five defendants are: PGW; PennDOT; James T. Anderson Construction; Bell Atlantic PA, Inc.; and City of Philadelphia.

tion favoring the non-movants was an abuse of discretion, we reverse.

■ Under Pa. R.C.P. No. 4019(a)(1)(viii), a trial court may "make an appropriate order" if a party "fails to make discovery or to obey an order of court respecting discovery." As the trial court points out, Pa. R.C.P. No. 4019(c)(2) specifically authorizes trial courts to enter orders prohibiting the disobedient party from introducing evidence at trial. (Trial court op. at 1–2.) Likewise, we note that Pa. R.C.P. No. 4019(c)(3) permits a court to enter a judgment of non pros against a disobedient plaintiff. Thus, the trial court's sanction against plaintiff and in favor of Defendant Rowe was a proper exercise of the trial court's discretion.

■ However, "nothing in Pa. R.C.P. No. 4019 intimates that a court may impose sanctions in favor of non-moving parties. Rather, a motion must be presented to the court." *DeMarco v. Borough of East McKeesport,* 125 Pa.Cmwlth. 13, 556 A.2d 977, 979 (1989), *appeal denied,* 525 Pa. 614, 577 A.2d 545 (1990).

The facts of *DeMarco* are remarkably similar to those of the instant case. In *DeMarco,* the plaintiff failed to respond to the discovery request of one of four defendants. That single defendant thereafter moved to compel discovery and the trial court entered an order compelling the plaintiff to respond. When the plaintiff still did not respond, the single defendant moved for sanctions, and the trial court entered an order dismissing the plaintiff's complaint with prejudice. Based on that order, all four of the defendants individually requested the prothonotary to enter judgments in their favor, and the judgments were entered. We ruled that, despite the broad language of the trial court's discovery sanction order, the judgments in favor of the three non-moving defendants were improperly entered because those defendants had not presented motions for sanctions to the trial court. We painstakingly explained in *DeMarco*

that "Pa. R.C.P. No. 4019(a)(1) directs the court to exercise its discretion in fashioning an appropriate order upon consideration of the motion for sanctions before it," and the trial court's authority does "not extend to concerns or matters extraneous to" the motion before it. *Id.* In other words, a trial court may not *sua sponte* impose a sanction order for violations of pretrial discovery orders; rather, the sanction order must be imposed pursuant to a motion of a party. 5 Standard Pennsylvania Practice 2d § 34.69. Here, the effect of the trial court's dismissal of Plaintiff's case against all seven defendants was to *sua sponte* impose a discovery sanction in favor of parties who did not file motions for the sanction. Thus, here, as in *DeMarco,* the trial court lacked authority to consider the effect of Plaintiff's noncompliance with its discovery order upon defendants who neither filed motions themselves nor formally adopted or joined in the motions filed. *See id.*

■ Defendants, however, argue that we are precluded from considering Plaintiff's arguments because her appeal is untimely and because she failed to contest Rowe's motions at the time the sanctions were entered. We disagree. First, we note that discovery orders are interlocutory and not appealable until there is a final judgment in the underlying action. *Baranowski v. American Multi–Cinema, Inc.,* 455 Pa.Super. 356, 688 A.2d 207, *appeal denied,* 550 Pa. 675, 704 A.2d 633 (1997). Thus, Plaintiff's appeal, filed after the dismissal of her case and within thirty days of the trial court's denial of her motion for removal of nonsuit, was timely.

■ Relying on *Baranowski,* Defendants also argue that Plaintiff's failure to contest Rowe's motion for sanctions at the time the motion was filed results in waiver of Plaintiff's right to contest the sanctions on appeal. In *Baranowski,* the superior court stated that, where a plaintiff fails to contest the imposition or severity of sanctions, arguments against those sanctions are waived. *Id.* Thus, Defendants argue

that Plaintiff's failure to contest the imposition, or severity, of the sanction at time of Rowe's motion constituted waiver of any arguments against the sanction. *Baranowski*, however, is distinguishable.

In that case, the trial court did not abuse its discretion by imposing sanctions in favor of non-moving parties. In *Baranowski*, unlike this case, all of the defendants benefiting from the sanction order were parties to the motion to compel and the motion for sanctions.[6] There was no claim that the trial court exceeded its authority by *sua sponte* imposing a sanction in favor of a party who did not file a motion. *See, e.g., DeMarco.*

Also, in *Baranowski*, the superior court was careful to point out that the plaintiff had notice of the severity of the proposed sanctions and still failed to respond. Here, in sharp contrast, although there is no question that Plaintiff's counsel should have been more diligent, Defendant Rowe's motions to compel and for sanctions gave no indication to Plaintiff that the proposed sanction of preclusion of evidence would accrue to the benefit of the non-moving defendants. Nor should Plaintiff's counsel have been alert to that possibility in light of the case law to the contrary. *See, e.g., DeMarco.* Although any, or all, of the other five Defendants could have joined in Rowe's discovery request and motions, they did not. Moreover, the proposed order drafted by Rowe's counsel and attached to Rowe's motion for sanctions was silent with respect to any of the other Defendants. Indeed, when the trial court entered the March 6, 1998 sanction order, it is obvious that it did not intend to prohibit Plaintiff from introducing evidence against **any and all** of the six remaining defendants, with the exception of Defendant Rowe, because the trial court, in the same order, set a

trial date for April 20, 1998. Certainly, there would have been no need to schedule a trial if Plaintiff was barred from introducing evidence against the five non-moving defendants as well.

▪▮ We also reject Defendant Penn-DOT's contention that Plaintiff's appeal is barred because her notice of appeal mentioned only the trial court's July 31, 1998 order denying Plaintiff's motion for removal of nonsuit and did not include an appeal from the trial court's March 6, 1998 sanction order prohibiting Plaintiff from introducing evidence at trial. PennDOT's argument would have us elevate form over substance. Here, although Plaintiff did not specify the discovery sanction order in her notice of appeal, there is no question that the sole basis for the trial court's order dismissing Plaintiff's case was the sanction order. Indeed, the trial court's memorandum opinion in support of its July 31, 1998 order, from which Plaintiff unquestionably appealed, consists exclusively of a discussion of the trial court's reasons for imposing the March 6, 1998 discovery sanction against Plaintiff.

▮ Finally, we point out that courts "have inherent power to correct their own judgments, even after expiration of the appeal period, and this power extends to the correction of obvious or patent mistakes. . . ." *DeMarco*, 556 A.2d at 979. In *DeMarco*, we ruled that dismissal of a complaint on the basis of a trial court's imposition of discovery sanctions in favor of non-moving parties made the judgments void *ab initio*. We therefore held that the plaintiff's petition to open/strike judgments was timely even though filed beyond the time for appeal. Here, as in *DeMarco*, the trial court's obvious and patent mistake of imposing a discovery sanction in favor of non-moving parties made the judgments in favor of the non-moving parties void *ab initio* and requires correction even though

6. For this reason, the cases relied upon by the trial court for entering a judgment of non pros in favor of the five non-moving Defendants are inapplicable. In *Lawrence v. General Medicine Ass'n., Ltd.*, 412 Pa.Super. 163, 602 A.2d 1360 (1992), and *Poulos v. Depart-* *ment of Transportation*, 133 Pa.Cmwlth. 322, 575 A.2d 967 (1990), the trial courts' entry of non pros as a discovery sanction was limited to only those defendants who had filed the motions to compel and for sanctions.

Plaintiff did not contest the sanction order when it was entered.

Accordingly, we reverse the April 20, 1998 decision of the trial court entering nonsuit against Plaintiff and in favor of Defendants PGW, PennDOT, James T. Anderson Construction, Bell Atlantic PA, Inc. and City of Philadelphia. We also reverse the trial court's order of March 6, 1998, prohibiting Plaintiff from introducing any evidence at trial insofar as it may prohibit Plaintiff from introducing any evidence with respect to those five Defendants, and we remand this case to the trial court for further proceedings in accordance with this opinion.[7]

## ORDER

AND NOW, this 15th day of November, 1999, we reverse the April 20, 1998 decision of the trial court, docketed April 28, 1998, entering nonsuit against Plaintiff and in favor of defendants Philadelphia Gas Works; Commonwealth of Pennsylvania, Department of Transportation; James T. Anderson Construction; Bell Atlantic PA, Inc.; and City of Philadelphia. We also reverse the trial court's order of March 6, 1998, prohibiting Plaintiff from introducing any evidence at trial insofar as it may prohibit Plaintiff from introducing any evidence with respect to those five defendants, and we remand this case to the trial court for further proceedings in accordance with this opinion.

Jurisdiction relinquished.

Judge COLINS dissents.

Judge LEADBETTER did not participate in the decision in this case.

7. In so ruling, we do not intend to condone or reward Plaintiff's counsel's routine disregard of the Rules of Civil Procedure before the trial court and the Rules of Appellate Procedure before this court, as well as orders of both the trial court and this court. Indeed, Plaintiff's brief filed in this court was barely passable, and the research contained in the brief was not only unhelpful to our determination, but also a reflection of Plaintiff's counsel's inattentiveness and lackadaisical attitude exhibited throughout this case. Here, Plaintiff has prevailed as a result of the law, not through any effort on the part of her counsel.