**T.S., Pupil and L.S., Father/Legal Guardian of Pupil, Appellants,**

v.

## PENN MANOR SCHOOL DISTRICT.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 8, 2002.
Decided May 21, 2002.

Shawn P. McLaughlin, York, for appellants.

Robert M. Frankhouser, Jr., Lancaster, for appellee.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

T.S. (Student) and L.S. (Father) (collectively Appellants) appeal from the July 20, 2001 order of the Court of Common Pleas of Lancaster County (trial court) that affirmed the decision of the Penn Manor School District (School District) to expel Student for the remainder of the 2001–2002 school year. We affirm.

On November 20, 2000, Student, a ninth grade student at Penn Manor High School, arranged to purchase marijuana in the school cafeteria. He paid the seller five dollars and received a packet of what he believed to be marijuana. After hearing from another student that the substance he received was not marijuana, Student threw it away. Questioned about the incident by school authorities the next day, Student acknowledged being in the presence of students who had been involved in a marijuana transaction, but stated that he did not "see anything." Reproduced Record (R.R.) at 34a. After being questioned again on November 30, Student admitted he purchased what he believed to be marijuana. The School District charged Student with violating the School District's drug and alcohol policy, specifically the use, transfer or disposition of "drug look-a-likes." [1]

The School District notified Father that Student was subject to a 10 day out-of-school suspension pending a hearing of the School District's judicial review committee. Father and Student appeared at the judicial review committee's hearing on December 4, 2000. By a letter dated January 9, 2001, the school board advised Appellants that it accepted the recommendation of the judicial review committee that Student be expelled from school for the remainder of the 2001–2002 school year. He could be readmitted prior to the beginning of the

---

1. The high school handbook defines those as non-drug, non-alcohol or mood-altering substances from ordinary daily use that may be used to feign or mimic the appearance, actual use or effects of the substance. Examples include, but are not limited to, table sugar for cocaine, oregano for marijuana or a vitamin for speed. R.R. 139a.

2002–2003 school year if he successfully met several conditions.[2]

After Appellants filed an appeal with the trial court, they filed interrogatories and requests for production of documents. The School District answered those interrogatories and requests, but objected to document requests that sought pupil records. The School District observed that some of the requested documents were covered under the United States Family Educational and Privacy Rights Act, 20 U.S.C. § 1232(a), the regulations of the United States Dept. of Education, 34 C.F.R. § 99.1, and the Guidelines of the State Board of Education relating to due process procedures found in 22 Pa.Code § 13.33. The trial court sustained the School District's objection and denied Appellants' request for production of documents.

▉ At the trial court hearing, Student acknowledged that he purchased what he thought was marijuana from one student, though he was intending to buy it from another student. He testified that he knew he was not supposed to buy or have drugs or a substance that looked like drugs in school. R.R. 87a. Appellants argued that they had not received adequate notice that purchasing "drug look-a-likes" was inappropriate at the school, despite the evidence that the student handbook contained the school's drug policy

and that Student signed that he had received and read that handbook. R.R. 96a, 102a, 104a. The trial court, without a written opinion, affirmed the School District's expulsion of Student. Appellants appealed to this Court.[3]

Appellants assert that the trial court erred by not allowing them to make any inquiry, either through discovery or at trial, of the possible inequitable treatment of Student as compared to others involved in the same incident. Appellants cite *Gonzalez v. School District of Philadelphia*, 8 Pa.Cmwlth. 130, 301 A.2d 99 (1973), a case involving allegations of racial discrimination and the arbitrary application of school sanctions, where this Court remanded that matter to the trial court with the direction that the students be permitted the aid of discovery procedures in the preparation of their pleadings. Appellants also discuss *Flynn–Scarcella v. Pocono Mountain School Dist.*, 745 A.2d 117 (Pa.Cmwlth. 2000) where we made clear we would not interfere in school disciplinary actions unless it was apparent that that school's actions were arbitrary, capricious or prejudicial. These cases, however, do not address the issue now before us: whether the trial court properly denied Appellants' request that the School District produce confidential information about students who are not parties to this action.[4]

---

**2.** Those conditions were that Student complete the recommendations of the student assistance consultant, participate in urine/blood screening prior to being readmitted and after every marking period for one school year, and successfully complete 25 hours of community service. R.R. 21a.

**3.** This Court's review of the School District's determination is limited to determining whether constitutional rights were violated, whether an error of law or violation of agency procedure was committed, or whether necessary findings of facts are supported by substantial evidence. *J.S. v. Bethlehem Area*

*School Dist.*, 757 A.2d 412 (Pa.Cmwlth.2000), *appeal granted*, 565 Pa. 655, 771 A.2d 1290 (2001).

**4.** This Court's review of a trial court's discovery decisions is limited. The trial court has broad discretion in deciding discovery issues. *Uhl v. C.H. Shoemaker & Son, Inc.*, 432 Pa.Super. 230, 637 A.2d 1358 (1994). A reviewing court will not reverse a trial court on discovery matters absent an abuse of discretion and will substitute its judgment for that of the lower court only if it determines the lower court decision was manifestly unreasonable.

Here, Appellants point us to no justifiable rationale for concluding that the trial court's decision was an abuse of discretion or manifestly unreasonable. The expectation of privacy for each pupil in a public school is established in both state and federal law. The discipline of any student depends not only on the alleged offense, but also upon the discipline record of that student and whether he or she is covered under the Individuals with Disabilities Education Act (IDEA). IDEA has established different due process procedures governing the placement of students with recognized disabilities. 20 U.S.C. § 1415(k).

Next, Appellants repeat the charge that they were not properly notified of the School District's policy proscribing the use of "drug look-a-likes." They point out that the School District has several written drug and alcohol policies in various School District publications. While Student was charged with violating policy 227, the trial court found Student violated a handbook version of that policy. Appellants observe that the handbook makes no reference to policy 227. R.R. 104a. Appellants also note that another copy of a drug and alcohol policy is set forth in the School District's calendar. R.R. 144a.

The School District counters that it properly adopted policy 227 and that Appellants did not provide any evidence that the drug and alcohol policy of the School District was not generally available to the public in each school library.[5] Moreover, as discussed above, Student acknowledged that he had seen the policy contained in the student handbook and admitted that he knew he was not supposed to buy and possess drug look-a-likes in school. There is substantial evidence supporting the conclusion that Appellants were notified of the School District's drug and alcohol policies.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 21st day of May, 2002, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.

---

*Id.; Smith v. Philadelphia Gas Works,* 740 A.2d 1200 (Pa.Cmwlth.1999).

**5.** A State Board of Education regulation requires each school board to adopt a code of student conduct and distribute it to all students and parents as well as to place that code in each school building's library. 22 Pa.Code § 12.3.