# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anong Khamphouseane and
Susan Khamphouseane,
                  Appellants

        v.

Schnika Thornton, Southeastern
Pennsylvania Transportation
Authority, Amica Mutual Insurance
Company and MV Transportation, Inc.

: No. 1881 C.D. 2016
: Argued: March 14, 2019

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge (P.)
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: April 17, 2019**

Before us is the appeal filed by Anong and Susan Khamphouseane (Plaintiffs) from an order of the Philadelphia County Court of Common Pleas (trial court), denying their petition for relief from an entry of judgment for *non pros*. The trial court dismissed their personal injury complaint as a discovery sanction under Pa. R.C.P. No. 4019(c)(3) when Plaintiffs violated an order compelling their completion of authorizations for medical records and driving histories. Following a sanctions hearing, Plaintiffs provided the authorizations. Dismissal of a cause of action is a harsh discovery sanction requiring assessment of multiple factors, including any prejudice the moving party suffered from the delay. Because the trial court did not analyze the requisite factors here, we vacate the trial court's order, and we remand to the trial court to reconsider entry of the *non pros* after performing the requisite analysis.

Plaintiffs filed a personal injury complaint arising from a 2013 collision with a Southeastern Pennsylvania Transportation Authority (SEPTA) bus. In October 2014, Plaintiffs sued SEPTA, its driver, Schnika Thornton, the bus owner, MV Transportation, Inc. (Bus Defendants) and their vehicle insurer, Amica Mutual Insurance Co. (Insurer) (collectively, Defendants). Bus Defendants are represented by the same counsel. SEPTA and MV Transportation filed their answers with new matter in February 2015, whereas the bus driver filed an answer in November 2015.

Relevant here, in February 2015, Bus Defendants served Plaintiffs with discovery requests for medical records, which included medical record release forms. In October 2015, Bus Defendants issued subpoenas to the Pennsylvania Department of Transportation (PennDOT) to obtain Plaintiffs' driving histories. PennDOT responded that it would not disclose the records without Plaintiffs' execution of its DL-503 forms authorizing their release. In December 2015, Bus Defendants sent the forms to Plaintiffs for their execution, presumably receiving no response.[1] Then, by letter dated February 17, 2016, Bus Defendants asked Plaintiffs' counsel to provide executed medical record authorizations by the following week.

Two weeks later, Bus Defendants filed a motion to compel Plaintiffs' execution of the medical and driving record authorizations, which was unopposed. The trial court granted the motion on March 22, 2016, directing compliance within 10 days (Discovery Order). Plaintiffs did not comply.

---

[1] According to the docket, also in December 2015, Bus Defendants filed a separate motion to compel Plaintiffs' depositions. During argument before this Court, counsel confirmed that Plaintiffs were deposed, indicating their participation in the litigation during or after December 2015.

Over the same timeframe, the parties stipulated to transfer the matter to arbitration. On March 30, 2016, the court scheduled arbitration for July 14, 2016.

Following Plaintiffs' noncompliance with the Discovery Order, defense counsel sent a letter to Plaintiffs' counsel in April 2016, to which he received no response. Shortly thereafter, in May 2016, Bus Defendants filed a motion for sanctions, seeking a judgment of *non pros* under Pa. R.C.P. No. 4019(c)(3).

On May 19, 2016, the trial court held a hearing on sanctions with only counsel in attendance. During the hearing, Plaintiffs' counsel represented difficulty in communicating with his clients because they speak Laotian, necessitating an interpreter. He reported Plaintiffs recently moved to Texas and changed their phone number without informing him. From the hearing transcript, it seems counsel had no contact with Plaintiffs in 2016. See Colloquy, 5/19/16, at 4. He claimed Plaintiffs only told him they moved to Texas days before the hearing.

The trial court granted the motion for sanctions, awarding $1,500 for expenses and attorney fees (Sanctions Order). Significantly, the trial court further ordered: "[Plaintiffs'] Complaint is STRICKEN and JUDGMENT FOR *NON PROS* IS HEREBY ENTERED against [Plaintiffs] pursuant to Pa. R.C.P. No. 4019(c)(3)." Reproduced Record (R.R.) at 150a (Tr. Ct., Order, 5/19/16).

Six days after receiving the Sanctions Order, Plaintiffs filed a petition for relief from the entry of judgment (Petition), attesting they provided executed authorizations to Bus Defendants by email that day, with originals to follow. R.R.

3

at 196a. Plaintiffs also argued no parties were prejudiced by the late authorizations, noting most discovery was completed. In June 2016, Bus Defendants filed a reply.

On July 7, 2016, the trial court issued an order denying the Petition. Plaintiffs immediately appealed that order to the Superior Court, which subsequently transferred the appeal to this Court.

As directed by the trial court, Plaintiffs filed their Rule 1925(b) Statement pursuant to Pa. R.A.P. 1925(b). Therein, Plaintiffs did not cite either Rule 3051 (relating to petitions to open judgment) or Rule 4019(c)(3) (relating to entry of *non pros* as a discovery sanction) in the Pennsylvania Rules of Civil Procedure. Rather, they asserted Rule 237.3 (relating to relief from judgment of *non pros*) applied, which required review of the merit of their action prior to dismissal.[2]

The trial court's Rule 1925(a) opinion explained the rules Plaintiffs cited apply only when *non pros* is entered pursuant to Rule 237.1,[3] not when judgment is entered as a discovery sanction under Rule 4019(c)(3). Noting the Sanctions Order was not appealed, the trial court did not analyze the grounds for entering the *non pros* as a discovery sanction. Tr. Ct., Slip Op., 10/21/16, at 5 n.5 ("Plaintiffs do not challenge this Court's order entering Judgment of Non Pros

---

[2] Citing their compliance with Rule 237.3, Plaintiffs argue the trial court erred in not opening judgment. However, Plaintiffs also assert there was no basis for entering judgment predicated on the absence of the authorizations when they submitted the executed authorizations to Bus Defendants within a week of the Sanctions Order.

[3] Pa. R.C.P. No. 237.1 specifies: "(b) [t]his rule does not apply to a judgment entered (1) by an order of court." Rather, the rule applies to entry of judgment following a praecipe by a party.

4

pursuant to Pa. R.C.P. No. 4019(c). Therefore, this Court's exercise of Pa. R.C.P. No. 4019(c) is not in dispute….").

On appeal,[4] Plaintiffs argue dismissal was too harsh a sanction because any prejudice was cured, and there was no evidence of bad faith. Plaintiffs maintain the merit of their cause of action should have been evaluated before dismissal. They characterize their disregard of the trial court's order to compel as a "minor procedural violation." Appellants' Br. at 20. Further, Plaintiffs assert the trial court erred in that it did not assess each of the factors that must be considered when deciding the appropriateness of a sanction under Rule 4019(c).

Bus Defendants counter that Plaintiffs waived any challenge to the dismissal of their action because they appealed from the order denying their Petition, not the Sanctions Order that entered the judgment of *non pros*. They also contend the trial court did not abuse its discretion in entering the *non pros* because Plaintiffs did not attempt to provide the authorizations until the sanctions hearing, indicating they will not participate willingly in discovery should the action proceed.

Pa. R.C.P. No. 3051 governs petitions for relief from judgments. Rule 3051 requires a reasonable explanation or excuse for the conduct that led to the

---

[4] "A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." Madrid v. Alpine Mountain Corp., 24 A.3d 380, 382 (Pa. Super. 2011). An abuse of discretion occurs when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, bias or ill will." Tullytown Borough v. Armstrong, 129 A.3d 619, 622 (Pa. Cmwlth. 2015), appeal denied, 145 A.3d 729 (Pa. 2016). Appellate review of a trial court's order entering a discovery sanction that terminated the underlying litigation is "stringent." Cove Centre, Inc. v. Westhafer Constr., Inc., 965 A.2d 259, 261 (Pa. Super. 2009).

judgment of *non pros*. "Where a party fails to provide a reasonable excuse for the delay in prosecution of the underlying claim, a petition to open is properly denied." See Madrid v. Alpine Mountain Corp., 24 A.3d 380, 384 (Pa. Super. 2011) (citing Sahutsky v. Mychak, Geckle & Welker, P.C., 900 A.2d 866 (Pa. Super. 2006) (judgment of *non pros* properly entered where no reasonable excuse or explanation provided for delay); Pa. R.C.P. No. 3051(b)(2)).

Here, the conduct at issue is Plaintiffs' failure to execute authorizations for medical records and driving histories until Bus Defendants sought sanctions. The entry of *non pros* resulted from the trial court's Sanctions Order. Ultimately, Plaintiffs challenge the trial court's imposition of a discovery sanction dismissing their complaint without regard to its merit or the lack of incurable prejudice. Therefore, the standards governing an entry of judgment for *non pros* as a discovery sanction apply. Smith v. Phila. Gas Works, 740 A.2d 1200 (Pa. Cmwlth. 1999).

First, we consider Bus Defendants' contention that, based on the order appealed from, Plaintiffs have not properly sought rescission of the dismissal of their case, emphasizing the Sanctions Order entered the *non pros*. They also maintain Plaintiffs waived any challenge to the severity of the sanction because they did not cite Rule 4019 in their Petition.

That Plaintiffs did not appeal the Sanctions Order did not result in waiver of their challenge to the severity of the sanction, i.e., dismissal of their claims. The order appealed from explained the *non pros* was a result of the Sanctions Order.

6

<u>See</u> Tr. Ct. Order, 7/7/16, n.1. The entry of *non pros* was predicated on the Sanctions Order, so this Court may assess the propriety of the sanction. <u>Smith</u>.

Moreover, in general, "discovery orders are interlocutory and not appealable until there is a final judgment in the underlying action." <u>Id.</u> at 1203. In <u>Sahutsky</u>, the Superior Court held that the order granting *non pros* as a discovery sanction was <u>not</u> immediately appealable. <u>Id.</u> As a result, the party aggrieved had to file a petition to open the *non pros* under Rule 3051, regardless of the type of judgment. That is precisely what Plaintiffs did here.

In their Petition, Plaintiffs cited multiple attempts their counsel made to obtain executed authorizations, to no avail. Plaintiffs' counsel noted the difficulty in obtaining authorizations when Plaintiffs moved. Plaintiffs also sought immediate relief from the *non pros* within a week of its issuance, and cured the sanctioned conduct during that same week by providing the authorizations to Bus Defendants.

Further, we discern no waiver despite Plaintiffs' citation to inapplicable rules. <u>See, e.g.</u>, <u>Griffin v. Rent-A-Center, Inc.</u>, 843 A.2d 393 (Pa. Super. 2004) (citation of incorrect statute not proper grounds for waiver as party preserved arguments). Plaintiffs' Rule 1925(b) Statement relies erroneously on the criteria for opening a judgment under Rule 237.3 when the rule does not apply to the entry of *non pros* as a discovery sanction. Nonetheless, in their Rule 1925(b) Statement, Plaintiffs assigned error to the trial court's failure to consider the merit of their claims before dismissal and to its disregard for their submission of the authorizations. Thus, Plaintiffs preserved the issues that the sanctioned conduct was

7

curable and corrected without prejudice to any party. Accordingly, we review the trial court's denial of Plaintiffs' Petition for relief from its entry of judgment of *non pros*.

Rule 4019(a)(l) allows a trial court to "make an appropriate order" if a party "fails to make discovery or to obey an order of court respecting discovery." Pa. R.C.P. No. 4019(a)(1). Rule 4019(c)(3) expressly authorizes trial courts to "ente[r] a judgment of *non pros* or by default against the disobedient party .…" Pa. R.C.P. No. 4019(c)(3).

Although a decision sanctioning a party for a discovery violation and the severity of the sanction are vested in a trial court's discretion, a discovery sanction that terminates the underlying litigation is subject to "strict scrutiny." <u>Cove Centre, Inc. v. Westhafer Constr., Inc.</u>, 965 A.2d 259, 261 (Pa. Super. 2009).

When a discovery sanction has the effect of terminating the action, a "court must consider multiple factors balanced together with the necessity of the sanction." <u>Id.</u> at 262. The factors a court must consider when evaluating such a sanction under Rule 4019 are: (1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; (4) the ability to cure the prejudice; and (5) the importance of the precluded evidence in light of the failure to comply. <u>Judge Tech. Servs., Inc. v. Clancy</u>, 813 A.2d 879 (Pa. Super. 2002). "[E]ach factor represents a <u>necessary consideration</u> and not a necessary prerequisite." <u>Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating</u>, 698 A.2d 625, 629 (Pa. Super. 1997) (emphasis added).

8

We emphasize that because dismissal is the most severe sanction, it is reserved for "extreme circumstances." Cove Centre, 965 A.2d at 261 (quoting Stewart v. Rossi, 681 A.2d 214, 217 (Pa. Super. 1996)). Thus, "a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." Id. (emphasis added). Types of prejudice that may warrant a sanction based on a delay in responding to discovery requests are the fading of witness memories, disappearance of witnesses, or the loss or destruction of relevant documents. See Tri-State Asphalt Corp. v. Dep't of Transp., 875 A.2d 1199 (Pa. Cmwlth. 2005).

Critically, Bus Defendants did not identify any prejudice related to the delayed execution of the authorizations.[5] In their brief, they cite the expenditure of thousands of dollars in the discovery dispute, but no other loss related to the delayed authorizations. Appellees' Br. at 12. Such purported losses are properly remedied by other means, such as monetary sanctions. Indeed, the Sanctions Order compensated Bus Defendants for $1,500 in fees and costs related to the discovery dispute.

Further, the circumstances here are not comparable to those in other cases entering judgment for discovery violations. See Rohm & Haas Co. v. Lin, 992 A.2d 132 (Pa. Super. 2010) (no abuse of discretion in entering default judgment in favor of employer as discovery sanction); Croydon Plastics (sanction precluding plaintiff's expert testimony treated as effective dismissal affirmed). These cases involved repeated discovery violations over a year or several years in duration.

---

[5] Despite repeated questions from the Court during oral argument, defense counsel was unable to articulate any prejudice related to the delayed production of the authorizations. Further, Bus Defendants confirmed they did not undertake any investigation since receiving the authorizations.

9

In <u>Croydon Plastics</u>, the sanctioned party engaged in repeated discovery violations. The lower court directed the plaintiff to file an expert report within 60 days, and stated in its order that the failure to timely file would result in preclusion. Nevertheless, the plaintiff did not comply for over <u>one year</u>, offering implausible explanations for its delay.

<u>Rohm & Haas</u> involved claims of a former research scientist employee's misappropriation of trade secrets, breach of contract and breach of fiduciary duty. The employee's excuse for not responding to certain discovery was that it was irrelevant. The lower court found this disobedience of discovery orders was willful and repeated as to a number of discovery orders over a <u>five-year</u> period. Further, the court noted prejudice to the opposing party in pursuing its claims and protecting against future misappropriations. Thus, the prejudice included the potential loss of trade secrets. Under stringent review, the Superior Court agreed these serious, incurable consequences merited a discovery sanction of default judgment in employer's favor.

Under the current circumstances, where there is no clear prejudice, dismissal of the action appears disproportionate to the discovery violation. <u>See</u> <u>Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP</u>, 28 A.3d 916 (Pa. Super. 2011) (holding trial court abused its discretion by denying subcontractor's motion to extend discovery deadline because no prejudice alleged, and substantial compliance with case management order). However, this Court is unable to evaluate whether the trial court abused its discretion in imposing the judgment of *non pros* as

a discovery sanction because the trial court did not address the prejudice or other requisite factors in its opinion.

On this record, it is unclear how terminating the underlying litigation was an appropriate sanction for months-delayed authorizations, particularly when Plaintiffs participated in depositions. Because it is not evident that the trial court considered the five factors, and its opinion does not explain its balance of the equities to warrant dismissal, we remand to the trial court to consider each factor and explain its rationale sufficiently to enable appellate review.[6]

Additionally, it is unclear whether the trial court considered the grounds for relief from judgment under Rule 3051. In evaluating relief from *non pros* under Rule 3051, a court shall consider whether a petitioner established three factors: (1) the petition was timely filed; (2) reasonable explanation or excuse for inactivity or delay; and (3) a meritorious cause of action. <u>Sahutsky</u>. Instead of analyzing each

---

[6] As to the first factor, the severity of the discovery violation, the delay in providing the authorizations here was between December 2015 and May 2016 as to the driving histories, and February 2016 and May 2016 as to the medical record authorizations. This delay is one of months, not years as in cases where appellate courts upheld discovery sanctions that terminated the litigation. <u>See</u> <u>Rohm & Haas Co. v. Lin</u>, 992 A.2d 132 (Pa. Super. 2010); <u>Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating</u>, 698 A.2d 625 (Pa. Super. 1997). Also, Plaintiffs did not contest the motion to compel, and violated only the Discovery Order which required compliance within 10 days.

As to the second factor, willfulness or bad faith, it is unclear whether the trial court found bad faith on the part of Plaintiffs, as opposed to their counsel. Indeed, the trial court suspected Plaintiffs' counsel failed to stay in contact with them in violation of Rule 1.4 of the Rules of Professional Conduct, Pa. R.P.C. 1.4. <u>See</u> Tr. Ct., Slip Op., at 6 n.6.

As to the third and fourth factors, the prejudice and ability to cure it, the trial court did not identify any prejudice caused by the months-delayed authorizations. To the extent the prejudice was the inability of Bus Defendants to obtain the records without the authorizations, providing the authorizations cured that prejudice.

The trial court also did not address the fifth factor, the importance of the evidence at issue.

11

factor, the trial court concluded Plaintiffs "waived any argument under Pa. R.C.P. [No.] 3051." Tr. Ct., Slip Op., at 7.

Here, the excuse for the conduct that led to the judgment of *non pros* was Plaintiffs' counsel's difficulty in communicating with Plaintiffs based on a language barrier, and his failure to contact them during the discovery dispute. Counsel advised he did not obtain their authorizations prior to the sanctions hearing because Plaintiffs moved to Texas without informing him. See Colloquy, 5/19/16, at 4. It is evident that the trial court did not credit this explanation or deem it reasonable. See Tr. Ct., Slip Op., at 7.

Although the trial court rejected Plaintiffs' counsel's explanations for the delay, the trial court did not consider the merit of Plaintiffs' cause of action, which is assigned as error in every issue Plaintiffs identified on appeal. In neglecting to analyze the factors for relief from judgment under Rule 3051, the trial court erred. On remand, the trial court shall consider the merit of Plaintiffs' cause of action as part of its review of the Petition.

Because the trial court did not analyze the requisite factors prior to entry of judgment of *non pros*, and prejudice is not evident on this record, we cannot discern whether the trial court abused its discretion. Therefore, we vacate the trial court's order and remand to the trial court to consider the five factors for imposing

12

an entry of judgment of *non pros* under Rule 4019(c)(3), and, if necessary, to analyze the factors for relief from such an entry of judgment under Rule 3051.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anong Khamphouseane and   :
Susan Khamphouseane,    :
      Appellants  :
          :
    v.      : No. 1881 C.D. 2016
          :
Schnika Thornton, Southeastern :
Pennsylvania Transportation  :
Authority, Amica Mutual Insurance :
Company and MV Transportation, Inc. :

# **O R D E R**

  **AND NOW**, this 17th day of April, 2019, the order of the Philadelphia County Court of Common Pleas is **VACATED**, and the matter is **REMANDED** for analysis of the factors discussed in the accompanying opinion, including the articulation of the prejudice Appellees experienced as a result of the discovery violation.

  Jurisdiction is relinquished.

         _____
         ROBERT SIMPSON, Judge