J-A07037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROSLYN SPIGELMIRE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEHNHOFF'S LANDSCAPING AND PJ | : | No. 1456 MDA 2024 |
| FITZPATRICK, LLC | : | |

Appeal from the Order Entered September 19, 2024
In the Court of Common Pleas of York County
Civil Division at No:  2024-SU-001346

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED: JULY 1, 2025**

Appellant, Roslyn Spigelmire, appeals from an order dismissing her personal injury action with prejudice for a discovery violation.  We conclude that this order is an abuse of the trial court's discretion, and we reverse and remand for further proceedings.

This action arises from an accident on May 26, 2022, in which Appellant allegedly slipped and fell in a muddy area on her property where Appellees, Lehnhoff's Landscaping ("Lehnhoff") and PJ Fitzpatrick, LLC ("Fitzpatrick"), were performing renovation work.  On May 7, 2024, Appellant filed a complaint alleging negligence against Appellees and John Doe defendants.

On June 24, 2024, Lehnhoff served Appellant with interrogatories and requests for production of documents.  Appellant did not respond to Lehnhoff's discovery requests, and Lehnhoff filed a motion to compel discovery responses. Appellant did not appear at a hearing on August 13, 2024,

concerning Lehnhoff's motion to compel, because counsel for Appellant agreed that Lehnhoff was entitled to an order compelling discovery responses. The court ordered Appellant to respond to Lehnhoff's discovery requests within twenty days.

On September 3, 2024, Lehnhoff informed Appellant's counsel of its intent to file a motion for sanctions due to Appellant's failure to respond to the discovery requests. On the same date, Lehnhoff filed a motion for sanctions. The court scheduled a hearing on this motion for September 19, 2024.

On September 19, 2024, Appellant and her counsel were not present in court. At the call of the motion for sanctions, the court stated, "So I think this is one of several just discovery related motions that I have this morning. This was just a failure to respond. Is that correct?" N.T., 9/19/24, at 2. Counsel for Lehnhoff responded,

> No, this is a motion for sanctions. [Appellant has] not responded to discovery in any capacity. We have no idea what [Appellant's] claims are beyond the complaint at this point. We filed a motion to compel previously, which was granted, and the order was served upon them. We still received no responses. In fact, we never received any reply, whatsoever.

*Id.* The court responded, "And they failed to appear today. So I am going to dismiss the action with prejudice. If they don't like that, they can seek reconsideration or file an appeal."[1] *Id.* at 3. The court entered an order

---

[1] The transcript does not reflect whether Fitzpatrick or its counsel attended the hearing.

granting Lehnhoff's motion for sanctions and dismissing Appellant's complaint against Appellees with prejudice.

Six days later, on September 25, 2024, Appellant filed a motion for reconsideration. Appellant explained that her counsel failed to diary and instruct his staff as to the discovery deadline and failed to calendar the September 19, 2024, hearing. Appellant also explained that she was preparing discovery responses during the weeks between the motion to compel and the order granting the motion for sanctions. Appellant asserted that she intended to serve the discovery responses by September 26, 2024.

On September 26, 2024, the court denied Appellant's motion for reconsideration. Neither of the Appellees filed a response to Appellant's motion for reconsideration in advance of this order.

Appellant timely appealed to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues in this appeal, which we re-order for purposes of convenience:

> 1. Did [Appellant] waive the issues on appeal by raising them for the first time in a Motion for Reconsideration?
>
> 2. Did the Trial Court abuse its discretion in dismissing [Appellant]'s Complaint against all defendants because dismissal was an inappropriate sanction when compared to the actual discovery violation?
>
> 3. Did the Trial Court abuse its discretion in dismissing [Appellant]'s Complaint against [Fitzpatrick] because [Fitzpatrick] was a non-moving party and never sought any relief from the Trial Court concerning discovery?

Appellant's Brief at 2-3.

Appellant argues in this appeal that the trial court abused its discretion by dismissing Appellant's complaint. She also argues that she preserved this issue for appeal through her motion for reconsideration. We agree with both arguments.

We begin by addressing Appellant's argument that she preserved all issues for appeal in her motion for reconsideration. Generally, issues raised for the first time in a motion for reconsideration "are beyond the jurisdiction of [the Superior] Court and thus may not be considered by this Court on appeal." *Stange v. Janssen Pharm., Inc.*, 179 A.3d 45, 63 (Pa. Super. 2018)). Here, however, Appellant's motion was not actually a motion for reconsideration, even though she titled it as such.

In *Green v. Tr. of Univ. of Pennsylvania*, 265 A.3d 703 (Pa. Super. 2021), the defendant in a medical malpractice action won summary judgment and then filed a motion for sanctions against the plaintiff's attorney. The attorney failed to respond to the motion for sanctions, and the court imposed sanctions. The attorney filed what he called a motion for reconsideration asking the court to vacate the sanctions, claiming that he was unaware that the defendant had filed a motion for sanctions until after it was granted. When the court did not immediately rule on this motion, the attorney appealed to this Court to preserve his appellate rights. In this Court, the defendant argued that the attorney waived his request to vacate sanctions because issues

cannot be raised for the first time in a motion for reconsideration. We responded:

> In our view . . . this was not a motion for reconsideration. Typically, a motion for reconsideration is filed by the losing party after litigating a motion or petition in which the party asks the court to reconsider its arguments. In that context, courts have repeatedly held that where a party proffers a new argument that could have been raised before in its motion for reconsideration, that argument will not be considered on appeal. In this instance, a motion for sanctions was filed to commence an ancillary proceeding, [the attorney] did not file a response in opposition as he was unaware of the filing, and the court granted the motion as unopposed, thus concluding the proceeding. The motion for reconsideration was filed in an attempt to explain the default and persuade the trial court to vacate the order and allow him to file a response. The motion for reconsideration herein functioned much like a petition to open a default judgment and application to file a response *nunc pro tunc*.

*Id.* at 709. We continued, "As we find the motion for reconsideration to be analogous to a petition to open a default judgment or an application for *nunc pro tunc* relief, we will treat it as such, rather than as a motion for reconsideration. It is the nature of the relief requested, not the styling of a motion, that controls." *Id.* at 710. Thus, we found the arguments in the attorney's motion preserved for appellate review. *Id.*

The facts in this case are analogous to **Green**. As in **Green**, Appellant filed a motion for reconsideration in which she explained that her failure to respond to Lehnhoff's motion for sanctions was the result of calendaring errors made by her counsel. Due to this mistake, Appellant was unaware of the September 19, 2024, hearing on the motion. Her motion for reconsideration was her first opportunity to advance her position and requested the same

- 5 -

relief that she would have requested in response to Lehnhoff's motion for sanctions. Thus, we consider her motion for reconsideration was the functional equivalent of a petition to open judgment of non pros. *See Green*, 265 A.3d at 710 (it is the "nature of relief requested" that controls, not the "styling of a motion"). Accordingly, Appellant preserved her issues for appeal.

We turn to Appellant's argument that the court abused its discretion by dismissing her action. The Rules of Civil Procedure provide, "The court may, on motion, make an appropriate order . . . if a party . . . fails to make discovery or to obey an order of court respecting discovery." Pa.R.Civ.P. 4019(a)(1)(viii). Dismissal of an action is one of several remedies available for discovery violations. Pa.R.Civ.P. 4019(c)(3).

"Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court as is the severity of the sanctions imposed." *Cove Centre, Inc. v. Westhafer Const., Inc.*, 965 A.2d 259, 261 (Pa. Super. 2009). Where the entry of a discovery sanction terminates the underlying litigation, however, "appellate review is stringent." *Id.* at 261 ("strict scrutiny" standard of review where discovery sanction imposed is tantamount to dismissal of underlying action). The court's discretion to dismiss an action for a discovery violation is "not unfettered." *Id.* "[S]ince dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." *Id.* Our Supreme Court has

cautioned, "[W]e highly disfavor dismissal of an action, whether express or constructive, as a sanction for discovery violations absent the most extreme of circumstances." *City of Philadelphia v. Fraternal Order of Police Lodge No. 5 (Breary)*, 985 A.2d 1259, 1270 (Pa. 2009).

The court must consider four factors before imposing discovery sanctions:

(1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice; (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials; (3) the importance of the excluded evidence in light of the failure to provide the discovery; and (4) the number of discovery violations by the offending party.

*Id.* Our Supreme Court places greater emphasis on the first two factors. *Id.* at 1271.

We conclude that the trial court abused its discretion by dismissing Appellant's action. The record reveals that the court did not consider any of the four *Breary* factors during the September 19, 2024, hearing. It simply stated, "And [Appellant and her counsel] failed to appear today. So I am going to dismiss the action with prejudice. If they don't like that, they can seek reconsideration or file an appeal." N.T., 9/19/24, at 3.

The record further suggests that the court did not consider any of the *Breary* factors before denying Appellant's motion for reconsideration. Appellant filed this motion on September 25, 2024. Just one day later, without receiving any response from Appellees, the court entered a one-sentence order, "AND NOW, this 26th day of September 2024, upon consideration of

Plaintiff's Motion for Reconsideration of the Court's September 19, 2024 Order and any response thereto, it is hereby DENIED." Order, 9/26/24. The swift disposition of this motion without any response from Appellees, and without any reasons provided for this disposition, indicates that the court did not conduct the analysis required under *Breary*.

Although we do not condone Appellant's failure to answer Lehnhoff's discovery requests or her failure to appear at the September 19, 2024, hearing, we conclude, after review of the *Breary* factors, that dismissal of this action was improper.

The first *Breary* factor, prejudice, takes place during discovery "any time there is a substantial diminution of a party's ability to properly present its case." *Stewart v. Rossi*, 681 A.2d 214, 218-19 (Pa. Super. 1996) (defendants suffered prejudice in wrongful death action where plaintiffs failed to meaningfully answer two sets of interrogatories or produce an expert report on liability, defendants waited years for trial to be scheduled, and plaintiffs made last-minute request for discovery extension). No such prejudice occurred here.

*Cove Centre* is a helpful comparator to this case. There, several months before trial, the plaintiff served expert witness interrogatories and requests for admission on the defendant. One month before trial, the discovery requests remained unanswered, and the plaintiff filed a motion for sanctions without first filing a motion to compel. Three days after the plaintiff's motion, without oral argument or an evidentiary hearing, the court

entered an order deeming the requests for admission admitted, precluding the defendant from presenting expert testimony, and granting judgment against the defendant for the entire amount in dispute, over $293,000.00.

This Court reversed, reasoning, *inter alia*, that the plaintiff suffered "minimal" prejudice:

> As concerns potential prejudice occasioned by [the defendant's] failure to comply with discovery, the record discloses no hardship to [the plaintiff] not readily remedied upon remand. We acknowledge, as [the plaintiff] argues, that [the defendant's] failure to comply with the important discovery requests at issue hampered [the plaintiff's] efforts to prepare for trial. Indeed, trial was scheduled to commence within two months of [the defendant's] non-compliance, in August 2007 . . . The violations in question did not result in a loss of evidence favorable to [the plaintiff] or impose any other substantial hardship of record. Ostensibly, [the defendant's] compliance with the discovery requests in question, even at this late date, would allow the matter to proceed to a full and fair resolution. Compared to the extraordinary prejudice visited upon [the defendant] by [the] sanction order . . . the prejudice to [the plaintiff] imposed by [the defendant's] failure to comply with discovery is minimal.

*Id.*, 965 A.2d at 263.[2]

The same logic applies here. Appellees do not identify any evidence favorable to their defense that they have lost because of Appellant's discovery

---

[2] *See also Steinfurth v. LaManna*, 590 A.2d 1286, 1289 (Pa. Super. 1991) (reversing summary judgment premised on discovery sanction where sanction was unwarranted due to lack of prejudice; defendant suffered no prejudice where (1) plaintiff produced expert report three weeks after court-ordered deadline, (2) trial was not yet scheduled, so defendants had time to review expert report, depose the expert, and obtain their own expert to provide a rebuttal opinion, and (3) no other witnesses or documents were lost).

violations and that they will be unable to obtain if this case were remanded for further proceedings. Furthermore, whereas trial was rapidly approaching at the time of the defendant's discovery violations in **Centre Cove**, there is no trial date set in the present case. Appellant asserts that she was prepared to serve her discovery responses on the date that the court denied reconsideration. Had the court not dismissed this case, Appellees would have received Appellant's discovery responses long before trial. These facts, viewed together, lead to the same conclusion that we reached in **Center Cove**, "Compared to the extraordinary prejudice visited upon [Appellant] by [the] sanction order . . . the prejudice to [Appellees] imposed by [Appellant's] failure to comply with discovery is minimal." ***Id.***

The second **Breary** factor, willfulness or bad faith, also weighs in favor of Appellant. We have found willful misconduct when a party blatantly violates its discovery duties over a prolonged period of time. ***See Hoss Land Co. v. Thorson***, 324 A.3d 508, 514 (Pa. Super. 2024) (defendant engaged in willful non-compliance where he failed to meaningfully comply with discovery requests over two-year period, failed to comply with two court orders, received repeated reminders from opposing counsel over the two-year period, and misrepresented that he would soon provide discovery); ***Phila. Contributionship Ins. Co. v. Shapiro***, 798 A.2d 781, 785-86 (Pa. Super. 2002) (finding willfulness where party violated deadline set forth in Rules of Civil Procedure and two discovery orders during sixteen-month period).

Conversely, we have declined to find willfulness where non-compliance with discovery was the result of a "clerical error" of a "subpoena inadvertently [sitting] on a secretary's desk," *Breary*, 985 A.2d at 1272, or where a party supplied discovery three weeks after a court-ordered deadline where no trial date was set. *Steinfurth*, 590 A.2d at 1289.

Appellant's discovery violations in the present case are similar to the errors in *Breary* and *Steinfurth* and unlike the egregious long-term types of misconduct found sanctionable in *Hoss Land Co.* and *Phila. Contributionship Ins. Co.* Appellant explains that her failure to provide discovery was the result of her attorney's calendaring errors, and that she would have provided discovery responses but for the dismissal of her case. Nothing in the record suggests a less innocuous reason for Appellant's conduct. Accordingly, we conclude that Appellant did not engage in willful or bad faith misconduct.

The third *Breary* factor, the importance of the evidence excluded, weighs in favor of Appellees, because Appellant concedes that the evidence sought by Lehnhoff was important. Appellant's Brief at 14. The fourth *Breary* factor, the number of discovery violations, also weighs in favor of Appellees, because Appellant concedes that she committed two discovery violations. *Id.* at 15.

On balance, however, we conclude that dismissal of this action was improper, since the prejudice to Appellant far exceeds the prejudice suffered

by Appellees from Appellant's violations, and the record does not indicate that Appellant acted willfully or in bad faith. We also note that the court should not have dismissed this action against Fitzpatrick because Fitzpatrick never filed a motion to compel discovery or to impose sanctions. *See DeMarco v. Borough of East McKeesport*, 556 A.2d 977, 980 (Pa. Cmwlth. 1989) ("nothing in Pa. R. Civ. P. 4019 intimates that a court may impose sanctions in favor of non-moving parties. Rather, a motion must be presented to the court"); *Smith v. Philadelphia Gas Works*, 740 A.2d 1200, 1203 (Pa. Cmwlth. 1999) (it is improper for court to "sua sponte impose a sanction order for violations of pretrial discovery" in favor of a non-moving party).[3]

Although we conclude that the extreme sanction of dismissal was an abuse of discretion, a lesser sanction for Appellant's misconduct may be appropriate. The fact remains that Appellant, not once, but twice forced Appellee to seek court intervention to compel discovery. Lehnhoff certainly had the right under these circumstances to request sanctions for Appellant's noncompliance with discovery rules. A free pass for Appellant's dereliction might reward Appellant for disregarding discovery rules. We therefore remand to the trial court to consider whether Lenhoff is entitled to a more appropriate sanction other than dismissal. The court shall afford Lenhoff and Appellant

---

[3] Although decisions of the Commonwealth Court are not binding on this Court, they may provide persuasive authority, as they do here. *Kowall v. United States Steel Corporation*, 325 A.3d 802, 813 n.9 (Pa. Super. 2024).

the right to be heard before entering any such order.  *See* Note, Pa.R.Civ.P. 4019(a)(2) and Pa.R.Civ.P. 208.1 – 208.4.  The court should not award any sanction to Fitzpatrick because Fitzpatrick never moved for sanctions during these proceedings.  *See DeMarco*, *supra*; *Smith*, *supra*.

Accordingly, we reverse the order of dismissal and remand for further proceedings.

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/01/2025